Argued May 22, affirmed July 8, 1974

FRIESEN (No. 81454), *Appellant, v.*
GOULD, INC., *Respondent.*

523 P2d 1285

*Richard T. Kropp,* Albany, argued the cause for appellant. On the brief were Emmons, Kyle, Kropp & Kryger and Edward L. Daniels, Albany.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Robert E. Joseph and James D. Huegli, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This workmen's compensation case attempts to pose the question whether an emotional condition caused by frustration with one's job and job supervisor is the kind of condition contemplated by the Workmen's Compensation Act as an occupational disease or an accidental injury. A threshold question, however, is whether the disability complained of arose out of and in the course of claimant's employment.

Claimant is a 34-year-old divorced mother with three young daughters, who was employed for approximately six years at Gould, Inc., Salem, doing bookkeeping and clerical work in the Salem office of the company. Although she had had some problems with two earlier supervisors, beginning in the early part of 1972 her immediate supervisor was one Mike Platter. He was the supervisor about whom she particularly complained. She characterized him as a nitpicking, officious individual who was loud and critical of all the office help but was unduly critical of her. She claimed he assigned her an excessive work load, criticized her use of the company telephone for personal purposes, and generally was inconsiderate and bickered with her and other office employes. She did not work Saturdays, with permission, though some other employes did. Her Monday work was thus heavier than the other days'. She was asked at the hearing the circumstances which led her to seek medical aid. She related that finally on a Monday she came in, her desk was loaded, and she asked if she could work an hour overtime each night until she got caught up. Her supervisor said, "No." She then went to the manager again and he told her he was tired of the complaining and for her to just get out of there

and to get to work. She said she was unable to do so, broke down for the day and went to see the doctor the next day.

Archie Cameron, the manager of claimant's employer, Gould, Inc., testified that claimant was not singled out for harassment by the supervisor nor was she assigned an excessive work load. Mr. Cameron was of the opinion that claimant was herself an influencing factor in the problems within the office about which she complained.

December 12, 1972, the day after she broke down on the job, claimant consulted a doctor about her emotional problem. She consulted Dr. Horace D. McGee, a gynecologist, who had previously treated her and he reported:

"* * * * *

"I have always considered Mrs. Friesen to be quite well physically and emotionally, and have maintained this impression over a period of years since a pregnancy episode in 1959. She had a duodenal ulcer in 1967, but has had no serious illnesses as far as I know. However, on 12-12-72, she came to my office obviously distressed and emotionally disturbed. She was irritable and anxious, and she claimed that the pressures at work were making her job intenable. After a long talk, it was my feeling, that a leave of absence was the only solution, and so advised her and her immediate supervisor, over the telephone.

"* * * * *"

Dr. McGee also felt

"that the condition at work probably precipitated or aggravated her emotional problems. I am not aware of the patient's recent complaints personally, but presume they are the same. The source[s] of the complaints were from the patient herself

and her Mother, and confirmed by her supervisor at work, who admitted she had been irritable. (This was reported over the telephone.) There were no unusual physical findings on the several examinations, except a general anxious state.
"* * * * *."

Claimant terminated her employment December 11 or 12, 1972, and on December 31 filed her "Report of Occupational Injury or Disease" which is the basis of this proceeding.

Dr. McGee in his December 12 interview with claimant suggested psychiatric consultation for her and she was seen by Dr. Marens Maltby, a psychiatrist. Dr. Maltby concluded in his report of April 27, 1973, that she "is emotionally incapacitated at this time as a result of the combination of her individual personality traits and her life situation as a whole. * * *" His psychiatric diagnosis was "Acute Situational Reaction, manifested by anxiety, depression and somatic complaints. * * *"

Although Dr. McGee thought that claimant's previous working conditions probably precipitated or aggravated her emotional problems, Dr. Maltby, the psychiatrist, did not reach such a conclusion. He did not relate her emotional incapacity to her employment but rather to her individual personality traits and her life situation as a whole. The hearing officer concluded that her emotional condition was "caused to be triggered or manifested, for the most part by circumstances related to her work environment." The circuit court agreed with the hearing officer.

Based upon the testimony which we have summarized and the medical evidence quoted above, we disagree with the hearing officer and the circuit court

and conclude that the claimant has failed to establish by a preponderance of the evidence that her disability arose out of her employment. We thus do not reach the question of whether job frustration is a kind of condition contemplated by the Workmen's Compensation Act as an occupational disease or an accidental injury.

Affirmed.