SCHWAB, C. J.
In this worker’s compensation case the referee held that claimant’s condition was not stationary and that she was entitled to have her claim reopened. The Workers’ Compensation Board and the circuit court held to the contrary. All three wrote unusually detailed opinions, perhaps the most detailed of the three being that of the trial judge with whose analysis we agree and from which we quote in pertinent part:
* * * *
"This Court agrees with the Workmen’s Compensation Board that the Claimant in this case has not met her burden of proving that her psychological problems were caused by or contributed to by the industrial accident. The Claimant need not prove that the accidental injury is the principal cause of the disability but must show that it at least contributed in more than a minimal way to the psychological problems. In evaluating this issue it is important to compare the actual injury to the subsequent subjective complaints. The injury is a relatively mild sprain of the right shoulder and cervical spine and the complaints at various times have been as follows:
"***** [There follows a list of 27 complaints ranging from pains in the head to weak and painful feet.]
"Although the law does not require that psychosomatic symptoms, to be compensable, be limited to the area of the physical injury, reference to the Claimant’s complaints is relevant in reviewing the evidence on causation. For example, the Court might more readily infer that depression would result from loss of a limb, than it would infer weak and painful feet are a psychological result of a shoulder strain.
"Although everyone who evaluated the Claimant is in agreement that the Claimant’s problems are largely psychological, there is little direct evidence on the question of the cause of those problems. The Claimant must prove either that the accident in question caused her problems or that she had underlying problems that were aggravated by the injury. There is no documented history of psychological problems. However, there is also no history of working for more than a few months on any *[1062] regular job prior to being hurt after being on the job in question a little more than two months.
"The psychiatric testimony in this case is comparable to that in Friesen v. Gould, Inc., 18 Or App 120, 123, [523 P2d 1285 (1974)]. In the Friesen case a gynecologist thought that Claimant’s working conditions probably precipitated or aggravated her emotional problems, but the psychiatrist related her emotional incapacity to her individual personality traits and her life situation as a whole. The Court of Appeals relied on the findings of the psychiatrist. In the case at hand the only psychiatrist who examined Claimant concluded that 'though the injury seemed precipitated by an industrial accident, the underlying psychological dynamic explanation has to do with issues not related to work. These combined with her own inadequacy served to explain the psychological basis for her right arm problems.’ The reports of the examining psychologist also indicate that there are numerous underlying reasons for the Claimant’s emotional problems other than her job or her work-related injury. The psychologist thought that the conversion reaction probably stemmed from the injury, but further stated that it was difficult to determine precisely. The simple fact that an industrial accident preceded the complaints does not meet the Claimant’s burden of proving that the accident caused the complaints if the complaints are psychogenic rather than of physiological origin.
"Since the Claimant has failed to meet her burden of proving that her current emotional problems and resulting symptoms were caused or aggravated by her job or her industrial accident this Court will enter an order affirming the order of the Workmen’s Compensation Board.
* * * * ”
Claimant contends that even if the trial court is affirmed, the award of attorney fees and penalties ordered by the referee should be reinstated under the authority of Jones v. Emanuel Hospital, 280 Or 147, 570 P2d 70 (1977). Jones does not support her position. In Jones, attorney fees and penalties were awarded *[1063] under ORS 656.262,[1] not on the ground that the claim was unreasonably denied, but on the ground of unreasonable delay in dealing with the claim. Jones held that under ORS 656.262, the fact that the claim was ultimately determined to have no merit did not excuse the penalties and fees assessed for delaying payment of interim compensation and delaying resolution of the claim in violation of the statute. Here the referee did not award penalties or fees for delay, but solely on the ground that the denial of the claim "* * * constituted unreasonable resistance to compensation * *
By affirming the Board and trial court we have held that by denying the claim and thus failing to pay compensation SAIF did not "unreasonably refuse to pay compensation.” ORS 656.262(8).
Affirmed.

 * * * *
"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the board determines that payment in instalments should be made at some other interval. The board may by regulation convert monthly benefit schedules to weekly or other periodic schedules.
"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the fund or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. The fund shall also furnish tíre contributing employer a copy of the notice of acceptance. The notice of acceptance shall:
"(a) Advise the claimant whether the claim is considered disabling or nondisabling.
"(b) Inform the claimant of hearing and aggravation rights concerning nondisabling injuries including the right to object to a decision that his injury is nondisabling by requesting a determination thereon pursuant to ORS 656.268.
'<**** *
"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382.
«* * * * * » ORS 656.262.