Argued July 19, reversed September 18, 1978

WILLIAMS, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*
(WCB No. 77-1670, CA 10936)
584 P2d 358

Earl M. Preston, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

No appearance made by respondent.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a worker's compensation case in which a 56-year-old woman seeks compensation for occupational disease. The referee found that the claimant did not meet her burden of establishing a causal relationship between claimant's job duties and her disabling gastric illness and depression. The board reversed. We agree with the referee.

Claimant worked as a Welfare Assistance worker in charge of certifying food stamp applicants. Her job entailed interviewing clients, processing applications and investigative field work. Claimant was exposed to job pressures resulting primarily from the hostile attitude of applicants which included direct or implied threats. During October 1976 claimant terminated her job because she was unable to cope with these pressures.

Over a period of approximately three months prior to quitting her job, claimant's treating physician diagnosed chronic gastritis, flu symptoms, a lump under the right arm, hypoglycemia, hemorrhoids and a hiatal hernia. There is also some medical evidence that claimant experienced anxiety and depression. Claimant relates only the chronic gastritis to her work situation.

While the testimony establishes that claimant was subjected to increased physical and mental demands and the persistent pressures of her job, the only medical evidence was her physician's statement: "* * * I don't think there is any question but what the pressures of the job and the threats aggravated the situation in this lady." In view of claimant's multiple physical problems, only one of which is claimed to be job related, the physician's statement is not sufficient to satisfy us that a causal relationship between claimant's job and her gastric condition is established. *Friesen v. Gould, Inc.,* 18 Or App 120, 523 P2d 1285 (1974).

Reversed.