Argued March 1, affirmed April 20, reconsideration denied May 25, petition for review allowed July 15, 1977

JONES, *Appellant,*
*v.*
EMANUEL HOSPITAL, *Respondent.*
(No. A-76-03-02910, CA 6797)

562 P2d 1247

Gary M. Galton, Portland, argued the cause for appellant. With him on the brief were Roger J. Leo and Galton & Popick, Portland.

Don G. Swink, Portland, argued the cause for respondent. With him on the brief was Ray Mize, Portland.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

■ Claimant, age 57, suffers from severe cramps in the feet, legs and back and is unable to work. She contends that while her condition was congenital and aggravated by being overweight, it was further aggravated by her employment which required her to stand eight hours a day on hard floors. Her initial treating physician and the three examining physicians who are all orthopedic surgeons were of the opinion that the condition is not employment related. The only medical evidence to the contrary was the statement of a subsequent treating physician that "* * * one could say that her condition * * * has been aggravated by it [her job]." We concur with the findings of the referee, the Workmen's Compensation Board, and the Circuit Court that the claim is not compensable.

■ Claimant also contends that she is entitled to penalties and attorney fees under ORS 656.262(8) because of an alleged 195 day delay from the notice of claim to the employer and denial by the insurance carrier. Claimant's position is that such penalties should be applied even if the claim is non-compensable. While we agree that ORS 656.262 indicates a legislative intent to expedite the handling of the claims, we do not perceive legislative intent to penalize the employer for dilatory processing of a non-compensable claim. ORS 656.262(8) provides:

> "If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The statute speaks in terms of penalties of "an additional amount * * * of the amounts then due." There is no amount due. Likewise ORS 656.382 provides for the assessment of attorney fees where the employer unreasonably refuses to pay "compensation due." In *Norton v. Compensation Department,* 252 Or

75, 448 P2d 382 (1968), the denial of the claim for compensation was sent 72 days after notice to the employer. ORS 656.262(5) requires acceptance or denial within 60 days. In that case claimant contended that since the denial was late, it should be deemed void. The court declined, reasoning that it was for the legislature and not the courts to fashion the appropriate sanction to attain the legislative objective. By the same reasoning we decline to fashion a penalty which is not expressly stated in the legislation.

Affirmed.