JONES, *Petitioner,*

*v.*

EMANUEL HOSPITAL, *Respondent.*

(No. A-76-03-02910, CA 6797, SC 25347)

570 P2d 70

Gary M. Galton, Portland, argued the cause for petitioner. With him on the brief were Roger J. Leo and Galton & Popick, Portland.

Don G. Swink, Portland, argued the cause for respondent. With him on the brief was Ray Mize, Portland.

BRYSON, J.

**BRYSON, J.**

The Court of Appeals denied petitioner's claim for workers' compensation, interim compensation payments, penalties, and attorney fees. *Jones v. Emanuel Hospital,* 29 Or App 265, 562 P2d 1247 (1977). We granted review in order to examine the responsibilities of an employer who fails to decide whether to accept or deny a claim for compensation within 14 days after receiving notice or knowledge of it and who fails to pay interim compensation. We affirm in part and reverse in part.

The Court of Appeals correctly stated the facts as follows:

"Claimant, age 57, suffers from severe cramps in the feet, legs and back and is unable to work. She contends that while her condition was congenital and aggravated by being overweight, it was further aggravated by her employment which required her to stand eight hours a day on hard floors. * * *" 29 Or App at 267.

Petitioner filed her claim on August 22, 1974. However, her employer did not send a written notice of its denial of her claim until March 4, 1975.

On March 6, 1975, petitioner filed a request for a hearing with the Workmen's Compensation Board.[1] She requested interim compensation payments (called temporary total disability), and penalties and attorney fees for her employer's failure to make interim payments and its failure to decide the claim within 60 days. She also protested her employer's denial of the claim.

■ On the compensability issue, the Court of Appeals found against petitioner[2] for the following reason:

"* * * Her initial treating physician and the three examining physicians who are all orthopedic surgeons

---

[1] Now called the Workers' Compensation Board. Oregon Laws 1977, ch 804, § 1.

[2] The referee, board and circuit court also held against petitioner on this issue.

were of the opinion that the condition is not employment related. The only medical evidence to the contrary was the statement of a subsequent treating physician that "* * * one could say that her condition * * * has been aggravated by it [her job].' * * *" 29 Or App at 267.

From our limited review of the facts (*See Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 569, 491 P2d 997 (1971)), we are satisfied "there is competent evidence to support the Court of Appeals finding."

The Court of Appeals also held that petitioner was not entitled to receive interim compensation payments, penalties and attorney fees. We disagree.

ORS 656.262 provides in part:
"* * * * *.

"(2) The compensation due under this chapter from the fund or direct responsibility employer shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the direct responsibility employer or fund.
"* * * * *.

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim * * *.

"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the fund or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. * * *
"* * * * *.

"(7) Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof.

"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to

25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382.

"* * * * *."

Subsection (2), construed together with subsections (4) and (5), requires the employer to pay what may for convenience be called interim compensation payments until the employer denies the claim. Subsection (4) requires these payments to begin within 14 days. Thus, petitioner was entitled to receive interim compensation payments from August 22, 1974, until March 4, 1975, the first installment being due on September 5, 1974. However, the employer failed to make such payments. Its justification for this failure seems to be the fact that petitioner's claim was ultimately found to be non-compensable.

Subsection (2) of ORS 656.262 refers to "compensation due," and subsection (4) refers to the "first instalment of compensation." Further, ORS 656.005(9) defines "compensation" to include "all benefits * * * provided for a *compensable injury* * * *." (Emphasis added.) Since, as discussed above, petitioner had no compensable injury, her employer has an argument, based on the definition of "compensation," that petitioner was not entitled to interim compensation.

However, the definitions in ORS 656.005 are not meant to be strictly binding in all situations. ORS 656.003 provides:

"*Except where the context otherwise requires,* the definitions given in this chapter govern its construction." (Emphasis added.)

In the context of ORS 656.262, the word "compensation" includes what we have called interim compensation. Any other interpretation does violence to the intent of the statute. ORS 656.262 gives the employer two choices: deny the claim or make interim payments. To interpret the word "compensation" as the employer would have us do would give the employer a third choice: to delay acceptance or denial of the claim while making no interim payments. This third choice would

[ 151 ]

delay the worker's appeal from an adverse decision since the worker cannot appeal until he or she receives the notice of denial. ORS 656.262(6). During this time, the worker would receive no benefits; thus, the employer would be able to gamble on the ultimate outcome of the case and at the same time delay that outcome. We decline to adopt such an interpretation of the statute and hold that the word "compensation" includes interim compensation. Thus, the employer in the present case should have paid interim compensation to petitioner. Further, since there is no statutory requirement that the employee repay interim compensation if the claim is finally denied, *cf.* ORS 656.313, it follows that petitioner is now entitled to recover the interim compensation that should have been paid between August 22, 1974, and March 4, 1975. This is part of the legislative scheme. See Skelton, *The Oregon Workmen's Compensation Law,* 45 Or L Rev 40, 58-59, on the 1965 revision of the Workmen's Compensation Law here involved.

■ It follows under our interpretation of the word "compensation" that petitioner may be entitled to penalties under ORS 656.262(8). The "amounts then due" are the interim compensation payments. In *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), we stated:

> "We are fortified in our decision because the same section that provides that an acceptance or denial be made within 60 days provides a form of sanction. ORS 656.262(8) provides that if the department or an employer, if the insurance is carried privately, 'unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, it shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382.' " 252 Or at 80.

We conclude, under the facts of this case, that the employer's refusal to pay was unreasonable; it is,

therefore, necessary to remand for a determination of an appropriate penalty "up to 25 percent of the amounts then due," as provided in ORS 656.262(8).

■ ORS 656.262(8) also allows petitioner to recover attorney fees if she satisfies the requirements of ORS 656.382, which provides in part:

"(1) If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, *or otherwise unreasonably resists the payment of compensation,* the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. * * *

"* * * * *." (Emphasis added.)

Again, petitioner's right to recover depends on the meaning of the word "compensation." We see no reason to hold that "compensation" as used in ORS 656.382 has a meaning different from "compensation" as used in ORS 656.262. The issue, then, is whether the employer "unreasonably resist[ed] the payment of compensation" when it refused to make the interim payments. Having determined the interim payments to be made were required by statute, and since the employer offered no evidence to justify its failure to pay, we hold that the petitioner is entitled, pursuant to ORS 656.382(1), to recover reasonable attorney fees on remand.

Affirmed in part; reversed in part and remanded.