Argued October 25, affirmed in part, reversed in part December 4, 1978,
petition for review allowed February 13, 1979

GIBSON, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Petitioner.*
(WCB No. 76-4935, CA 10767)

587 P2d 116

Gene L. Platt, Associate Counsel, State Accident
Insurance Fund, Portland, argued the cause for peti-

tioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Portland.

Alan M. Scott, Portland, argued the cause for respondent. With him on the brief was Galton, Popick & Scott, Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This is an appeal by the State Accident Insurance Fund (SAIF) from an order of the Workers' Compensation Board (Board) holding a claim compensable and ordering SAIF to pay penalties and attorneys fees to the claimant because of unreasonable delay in issuing its denial and because of failure to pay compensation for the period between the claimed injury and the denial.

On June 2, 1976, claimant had an episode of paroxysmal atrial fibrillation while on his job as an asphalt raker for the City of Portland. He was taken to a hospital, treated briefly in the emergency room and released. His treating physician ordered him to do only light work for 60 days. No lighter work was available with the city, however, and claimant did not return to work. On June 23, 1976, he filed a compensation claim. SAIF's denial letter was not issued until August 31. No compensation was paid for the intervening period. During that time, claimant had at least one other episode of fibrillation.

All testifying physicians agreed that paroxysmal atrial fibrillation is a symptom of underlying heart disease, and the consensus was that atherosclerosis was the underlying disease. On the question whether claimant's work activities were a contributing factor to the onset of the June 2 fibrillation, however, there was conflicting testimony. Much has been made of that testimony both before the Board and on this appeal. Having examined the record, we find it unnecessary to resolve the conflict.

■ Whatever the immediate triggering cause of the June 2 episode, there was no evidence that it affected claimant's heart condition or that it had any other physical effect beyond that day. The physicians agreed that the subsequent episodes of fibrillation—one of which occurred while claimant was in bed—were caused by the disease, not by activity. There was no

evidence that the work restriction and resulting time loss were attributable to the June 2 fibrillation. The only evidence is that the work restriction was ordered because of the underlying and preexisting heart disease, which was diagnosed as a result of the June 2 episode.[1] The claim was properly denied by SAIF.[2] *See Weller v. Union Carbide,* 35 Or App 355, 582 P2d 428 (1978).

Although the eventual denial of the claim was proper, SAIF had an obligation under ORS 656.262(2), (4), (5)[3] either to deny the claim or begin making

---

[1] Claimant's attorney apparently recognized this deficiency in the evidence prior to the hearing before the referee. Near the beginning of the hearing he stated:

"Our claim is for the period from the injury to the denial. Realistically we aren't making any claim for time loss, but penalties, at least, after a denial."

No attempt was made to clarify that concession, and the hearing went forward as if it had not been made.

[2] ORS 656.210(3):

"No disability payment is recoverable for temporary total disability suffered during the first three calendar days after the worker leaves work as a result of his compensable injury unless the total disability continues for a period of 14 days or the worker is an inpatient in a hospital. If the worker leaves work the day of the injury, that day shall be considered the first day of the three-day period."

[3] ORS 656.262(2), (4), (5):

"(2) The compensation due under this chapter from the fund or direct responsibility employer shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the direct responsibility employer or fund.

"* * * * *

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. The director may by regulation convert monthly benefit schedules to weekly or other periodic schedules.

"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the fund or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. The fund shall also furnish the contributing employer a copy of the notice of acceptance. The notice of acceptance shall:

payments to the claimant within 14 days from notice or knowledge of the claim. *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977); *Gilroy v. General Distributors,* 35 Or App 361, 582 P2d 428 (1978). Claimant was therefore entitled to "interim compensation" (*see Jones v. Emanuel Hospital, supra*) for the period prior to the denial.

■ ORS 656.262(8)[4] provides for penalties if SAIF unreasonably delays payment of compensation or unreasonably delays acceptance or denial of a claim. *See Williams v. SAIF,* 31 Or App 1301, 572 P2d 658 (1977). Penalties are assessable even though it is ultimately determined that there was no compensable injury. *Jones v. Emanuel Hospital, supra.* As noted above, ORS 656.262 required that SAIF either deny the claim or begin making payments within the time limit. ORS 656.262(5) also required that SAIF furnish to the claimant written notice of its denial or acceptance of the claim within 60 days, whether payment had begun or not. The notice was not received by the claimant until 69 days after the filing of the claim, and no payments were made during that period. The only explanation offered by SAIF for that delay is that the claim was not compensable. That "excuse" was implicitly rejected in *Jones v. Emanuel Hospital, supra.* Moreover, it does not in any way explain the delay. If

"(a) Advise the claimant whether the claim is considered disabling or nondisabling.

"(b) Inform the claimant of hearing and aggravation rights concerning nondisabling injuries including the right to object to a decision that his injury is nondisabling by requesting a determination thereon pursuant to ORS 656.268."

[4] ORS 656.262(8):

"If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

SAIF considered the claim non-compensable, it should have simply issued a timely denial.[5]

The penalty and attorneys fees provisions of the order are affirmed.

Affirmed in part; reversed in part.

---

[5] The referee refused to order penalties on the ground that the claimant was being paid by his employer throughout the period prior to the denial. In fact, those payments were made from claimant's accrued sick benefits. On appeal SAIF does not challenge the assessment of penalties on the basis relied on by the referee.