Argued and submitted May 6, reversed July 23, 1980

In the Matter of the Compensation of Aldwyn C. Bell, and The Complying Status of Don R. Hartman, Jr., Dale C. Hartman, Sr., and Ernest S. Gruenberg.

BELL,
*Respondent,*
*v.*
HARTMAN, et al,
*Petitioners.*

(WCB 76-6895, CA 14475, SC 26802)

615 P2d 314

Argued and submitted May 6, 1980.

John S. Folawn, Portland, argued the cause for petitioners Gayle Hartman, Donald G. Hartman, Don R. Hartman, Jr., Dale C. Hartman,Sr., and Ernest S. Gruenberg. With him on the brief were Jensen, DeFrancq, Holmes & Schulte.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner SAIF. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel.

Howard Cliff, Portland, argued the cause for petitioner Wineberg Racing Association, Inc., dba Portland Meadows Racetrack. On the brief were Bruce A. Bottini and John E. Snarskis, Certified Law Student.

Richard A. Sly, of Bloom, Ruben, Marandas & Sly, Portland, argued the cause and filed a brief for respondent Bell.

LINDE, J.

## LINDE, J.

■ Claimant, a licensed jockey, was injured in a fall during a race at Portland Meadows Race Track. Pursuing a possible recovery under the Workers' Compensation Law, ORS 656.001 - 656.794, he made claims against a number of alleged employers and the State Accident Insurance Fund, including the registered and the actual owners of the horse, its trainer, the owner of the track, and the Oregon Racing Commission, on the theory that one or more of them were his employers for purposes of coverage under the act. After a hearing, a referee found that claimant was an independent contractor and not an employee of any of the employers, and this conclusion was reaffirmed by the Workers' Compensation Board and the Court of Appeals.[1] However, Bell also claimed compensation, and statutory penalties and attorney fees for failure to pay it, for the interim period preceding the denials of his claim. This claim was also rejected by the Board.[2] The Court of Appeals, by a divided vote, reversed this part of the decision and remanded the case to the Board for a determination of the amounts due. 44 Or App 21, 604 P2d 1273 (1980). We allowed review to determine whether the statute requires these payments to a claimant who proves not to be an employee covered by the compensation law. We decide that it does not.

■ The obligation to pay compensation pending the determination of a claim is stated in ORS 656.262,

---

[1] We do not review that decision, because it is not asserted that the Court of Appeals applied a legally erroneous test and we do not review the facts anew. *See Woodman v. Georgia-Pacific Corp., 289 Or 551, 614 P2d 1162 (1980); Weller v. Union Carbide,* 288 Or 27, 29, 602 P2d 259 (1979); *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971).

[2] The Board concluded that SAIF was not liable under ORS 656.054 in lieu of any noncomplying employer because ORS 656.054(1) provides that the time for paying the first instalment of compensation does not begin until the Workers' Compensation Department refers the claim to SAIF, and the department had not done this. The Court of Appeals agreed with this ruling.

relevant parts of which are set out in the margin.[3] In brief, processing of claims and providing compensation is the responsibility of the State Accident Insurance Fund Corporation (before 1979, the State Accident

[3] ORS 656.262:

"(1) Processing of claims and providing compensation for a worker in the employ of a contributing employer shall be the responsibility of the State Accident Insurance Fund Corporation, and when the worker is injured while in the employ of a direct responsibility employer, such employer shall be responsible. . . .

"(2) The compensation due under this chapter from the corporation or direct responsibility employer shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the direct responsibility employer or corporation.

"(3) Contributing employers and carrier-insured employers shall, immediately and not later than five days after notice or knowledge of any claims or accidents which may result in a compensable injury claim, report the same to the corporation or other insurer. . . .

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, . . .

"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the corporation or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. . . .

"(6) If the State Accident Insurance Fund Corporation, the direct responsibility employer itself or its guaranty contract insurer or any other duly authorized agent of such employer for such purpose on record with the Director of the Workers' Compensation Department denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the worker of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the director and to the contributing employer by the corporation. The worker may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial.

. . . .

"(8) If the corporation or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the corporation or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382.

. . . ."

Insurance Fund) and of those employers who retain direct responsibility for compensation. Compensation "due" shall be paid promptly upon notice or knowledge of a claim unless the employer or the corporation denies the claim, the first instalment being payable no later than the 14th day after notice or knowledge. Within 60 days the employer or corporation must give the claimant notice of acceptance or denial of the claim and of the claimant's right to a Board hearing on a denial. If either the acceptance or denial or the payment of the claim is unreasonably delayed, the corporation or employer is liable for a 25 percent penalty and attorney fees. From the difference between the 60 days allowed to accept or deny a claim and the 14 days when the first instalment must be paid, it results that the employer or the corporation often must begin payments before deciding to admit or deny that compensation is due. *See Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977). The question is whether this obligation applies when the enterprise and SAIF successfully maintain that the claimant is not a "subject worker" and that they therefore are not liable either as, or in lieu of, his "employer" under the act.

In *Jones v. Emanuel Hospital, supra,* this court held that compensation in advance of acceptance or denial of a claim, called "interim compensation" for convenience, was payable no later than the 14th day after notice or knowledge of the claim even if the claimant's injury ultimately proved noncompensable. This was held to follow from the scheme of ORS 656.262 even though ORS 656.005(9) appeared to limit "compensation" to benefits provided for a "compensable injury." The majority of the Court of Appeals in the present case read *Jones* to require the same result when the issue is whether the claimant is an employee rather than whether his injury is compensable. The dissent considered that these two issues of coverage call for different results because the Workers' Compensation Law is designed solely to cover the responsibility of employers toward their employees. Perhaps

this distinction is not wholly logical, since the act also is designed to provide compensation only for job-related injuries and *Jones* read the "interim" obligation of ORS 656.262 to extend beyond that. Nevertheless, we agree with the distinction.

That the law means to anchor the compensation scheme to the employment relation is evident throughout the statute. The key term in the statutory scheme is "subject worker." An employer is bound to assure payment of compensation only for "subject workers," ORS 656.017, *cf.* ORS 656.052. In return for the right to compensation, the subject worker and his beneficiaries are deprived of the legal remedies for injuries which they might otherwise have against his employer. ORS 656.018. The statute's coverage of an employer is derivative of its coverage of a worker: A "subject employer" is one who employs one or more subject workers. ORS 656.005(28), ORS 656.023, *cf.* 656.035. The definitions of the employment relationship, ORS 656.005(16) and (31), and inclusions in and exclusions from coverage, ORS 656.027, 656.029 have been central issues in the evolution of the law. *See, e.g., Louvring v. Excel Logging Co.,* 280 Or 463, 573 P2d 266 (1977); *Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976); *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947). ORS 656.262 itself begins by describing the responsibility for processing claims and providing compensation "for a worker in the employ of a contributing employer" or a "direct responsibility employer," and its subsequent provisions spell out that responsibility.

■ ■   In the light of the statute as a whole, therefore, we conclude that one who is not a "worker" within the definition of ORS 656.005(31) also is not entitled to "interim" compensation pending denial of his claim under ORS 656.262.[4] It is true, as mentioned

---

[4] ORS 656.005(31) defines worker as follows:

" 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remun-

above, that the Workers' Compensation Law in principle also provides compensation only for "compensable," *i.e.,* job-related, injuries, and that "interim" compensation under ORS 656.262 is an exception to that principle. But that exception arises in a situation in which a covered employer concededly would be responsible for compensation to the employee if the employee's injury in fact is compensable, and we concluded in *Jones v. Emanuel Hospital, supra,* that in this situation the legislature intended the worker to have to wait no more than 14 days for compensation to begin. We are not prepared to attribute to the legislature the same policy choice when the putative employee claiming "interim" compensation in fact is not a "worker" covered by the statute at all. The words "compensation due under this chapter from the corporation or direct responsibility employer" in ORS 656.262, *supra* note 3, do not stretch that far. Accordingly, since the Court of Appeals affirmed the Board's finding that claimant was not a covered worker, the court's decision remanding his claim for interim compensation plus penalty and attorney fees must be reversed.

Reversed.

---

eration, subject to the direction and control of an employer and includes salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and other public corporations, but does not include any person whose services are performed as an inmate or ward of a state institution."

In the present case the claimant was found not to be a "worker" within the coverage of the law at all. This case does not present the question of "interim" compensation for a subject worker when the alleged employer disputes being his or her employer, which is governed by ORS 656.307.