Argued and submitted December 13, 1999, reversed February 23, 2000

In the Matter of
the Custody of Baillie Aurora Duncan, a Minor Child.

Robb ALLOWAY, Father,
*Respondent,*
*and*

Aimee Rene DUNCAN, Mother,
*Appellant.*

(98-3308; CA A106608)

996 P2d 1010

Kurt C. Peterson argued the cause for appellant. With him on the brief was Hall Law Firm.

Mark A. Gordon waived appearance for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

In this child custody case, mother appeals from a contempt judgment imposing remedial sanctions for her violation of an *ex parte* status quo order that prohibited her from removing the parties' minor child from father's home.[1] Mother contests the trial court's authority to enter the contempt judgment on several grounds, one of which is dispositive. Mother contends that the trial court did not have personal jurisdiction over her when she removed the child and that the alleged violation of the status quo order, therefore, could not serve as a basis for the contempt charge. We agree and reverse.

The parties are the unmarried parents of a child born in September 1997. From early 1998 until September 18, 1998, the parties and their child lived together at father's parents' home. On August 17, 1998, while the parties were still living together, father filed a petition in the trial court seeking custody of child. He also filed an *ex parte* motion for immediate temporary custody of child and sought an order requiring mother to show cause why the temporary order should not remain in effect during the pendency of the action. The trial court did not award temporary custody to father but, instead, entered an order "Establishing Status Quo and * * * to Show Cause." That order directed that child remain in residence at father's parents' house and that the parties not "interfere with [child's] current routine." The trial court also ordered mother to appear and show cause why the status quo order should not remain in effect throughout the pendency of the case. Mother was personally served on the same day with copies of the custody petition, the motion for temporary custody and supporting affidavit, and the status quo and show cause order. Mother was not, however, served at that time with summons in accordance with ORCP 7 D.

On September 18, mother moved out of father's parents' home and took child with her. On the same day, mother filed a motion to dismiss the custody proceeding and to quash service of all orders therein. Among other arguments, mother

---

[1] Father makes no appearance on appeal.

asserted that, because she had not been served with summons, the trial court lacked personal jurisdiction over her.

On November 13, the trial court denied mother's motion to dismiss but granted her motion to quash service of the custody petition because she had not been served with summons. However, the court denied mother's motion to quash service of the status quo and show cause order, reasoning that it was authorized to enter the order despite the lack of summons. On November 30, father filed a motion and the court entered an order directing mother to show cause why she should not be held in contempt for her removal of child on September 18.[2] On December 9, father filed a motion for alternate service of the summons and petition seeking custody and of the contempt and show cause order. Father's supporting affidavits alleged that, despite repeated efforts, he had been unable to locate mother following her departure on September 18. The trial court found that father had shown, as required by ORCP 7 D(6)(a),[3] that service could not be made on mother by any method specified in ORCP or any other statute and that service on mother's attorney was the method most reasonably calculated to apprise mother of the existence and pendency of the action. Based on those findings, the court granted father's motion and ordered that service be made on mother's attorney. On December 10, mother's attorney was served with true copies of summons and the petition for custody, the show cause contempt order and supporting documents, and the order allowing alternate service and supporting affidavit.

On December 21, mother moved to quash the order allowing alternate service. She also moved to quash the contempt show cause order because it had not been personally

---

[2] The trial court had previously, on father's motion, ordered mother to appear and show cause why she should not be held in contempt. However, the November 30 order purports to "supercede and replace" the earlier order. Therefore, the earlier order is irrelevant to this appeal, and we do not discuss it.

[3] ORCP 7 D(6)(a) provides, in part:

"On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action * * *."

served on her. The trial court denied both motions following a hearing held on December 22, 1998, that was consolidated with the contempt hearing. The trial court also found mother in contempt for wilfully removing child on September 18 in violation of the status quo order.[4] In the ensuing judgment of contempt, the court found that mother was personally served with and was aware of the status quo order for approximately one month before she removed child. The judgment required mother to purge the contempt by complying with a specific parenting time schedule and awarded attorney fees and costs to father. Mother appeals from the contempt judgment.

As noted, mother argues that the contempt judgment is invalid because the trial court lacked personal jurisdiction to enforce the status quo order on which the judgment was based. Mother argues that no personal jurisdiction existed because she had not, when she removed child, been served with summons in the custody proceeding. The trial court concluded that, despite father's failure to have mother served with summons, it had personal jurisdiction over mother because it had subject matter jurisdiction in the custody proceeding and because mother was personally served with the status quo order.

■ The trial court correctly noted that this action was commenced when father filed his petition for custody. *See* ORCP 3 (action is commenced on filing of complaint). It is also correct, as the trial court observed, that the court's authority to issue a temporary *ex parte* order arose on commencement of the action. ORS 109.103; *Forte v. Page*, 172 Or 645, 651-52, 143 P2d 669 (1943); *Breese v. Bramwell*, 102 Or 76, 78, 201 P2d 729 (1921). That authority did not depend on service of summons. *Id.*

■ However, the decisive question in this case is not whether the trial court had *authority to enter* the status quo order but is, instead, whether the court had the *power to enforce* that order. A court may not enforce a personal obligation unless it has jurisdiction over the party sought to be bound. *See State ex rel Karr v. Shorey*, 30 Or App 137, 142, 567 P2d 118 (1977), *rev'd on other grounds* 281 Or 453, 575

---

[4] The court did not find mother in contempt on any other ground.

P2d 981 (1978). Summons must be served on the defending party pursuant to ORCP 7 D in order to acquire personal jurisdiction. ORCP 4; *Baker v. Foy*, 310 Or 221, 224, 797 P2d 349 (1990); *Paschall v. Crisp*, 138 Or App 618, 628, 910 P2d 407, *rev den* 324 Or 176 (1996). We have repeatedly held that the right to receive adequate service of summons is a "substantial right," *Bishop v. OBEC Consulting Engineers*, 160 Or App 548, 557, 982 P2d 25 (1999), and that actual notice of the pendency of an action is insufficient to excuse noncompliance with ORCP 7. *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den* 321 Or 137 (1995). By force of that authority, personal service of an order entered after an action has been commenced was not a substitute for service of summons in connection with father's original petition for custody as a means to acquire personal jurisdiction over mother.

■      Assuming without deciding that the alternate service order was valid,[5] mother was not served with summons until her attorney was served pursuant to that order on December 10, almost three months after her alleged violation of the status quo order. Mother had not been served with summons when she removed child; therefore, the court lacked personal jurisdiction over her on that date. Because the trial court lacked personal jurisdiction over mother when the alleged violation occurred, the court did not have authority to hold her in contempt. *State v. Newland*, 277 Or 191, 200, 560 P2d 255 (1977); *Bruce v. Maurais*, 69 Or App 267, 270, 684 P2d 1243 (1984).

Reversed.

---

[5] Mother also challenges the validity of the alternate service order. She argues that father's affidavits in support of the motion for alternate service did not comply with ORCP 7 D(6). In view of the basis for our disposition of mother's appeal, we need not decide that issue.