Argued and submitted July 2, affirmed August 22, 2001

Rebecca ROBERTS,
*Appellant,*

*v.*

David LAUGHLIN,
*Respondent.*

C990881CV; A111255

31 P3d 453

Joel S. DeVore argued the cause for appellant. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C.

Andrew Reilly argued the cause for respondent. With him on the brief were Lee Aronson and Schulte, Anderson, Downes, Aronson & Bittner, P.C.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

**BREWER, J.**

This case presents yet another variation on the familiar problem of assessing the adequacy of service of summons and complaint within the period required by the statute of limitations. Plaintiff argues that the trial court erred in granting summary judgment to defendant on the grounds that plaintiff failed to comply with the provisions of ORCP 7 D(4), governing actions involving motor vehicles, and that plaintiff's collective service efforts did not satisfy ORCP 7 D(1), the "catch-all" service provision. We affirm.

We view the summary judgment record in the light most favorable to plaintiff, the nonmoving party. *Gish v. Youngblood,* 161 Or App 591, 594-95, 984 P2d 93, *rev den* 329 Or 527 (1999). On November 28, 1997, vehicles driven by plaintiff and defendant collided on Highway 99W near Newberg. At the time of the accident, defendant had a New Mexico driver's license. At the accident scene, defendant provided plaintiff and responding police officers with a Tumwater, Washington, apartment address as his residence. Defendant provided the same address to the Oregon Department of Transportation (ODOT) in an accident report he filed in approximately December 1997. At the accident scene, defendant's wife had also provided plaintiff with her business card, showing her work address and work phone number.

In January 1998, defendant moved from the Tumwater apartment to Federal Way, Washington. Defendant attested that he and his wife gave his forwarding address to the Tumwater apartment manager and also left a forwarding address with the postal service. In April 1999, he moved to West Linn, Oregon. Again, he stated that he and his wife gave their new address to the apartment manager in Federal Way and left a forwarding address with the postal service. Before August 1999, defendant obtained an Oregon driver's license and registered his vehicle with ODOT.

On August 2, 1999, plaintiff filed this personal injury action against defendant, alleging that defendant's negligence caused the accident. On August 9, plaintiff's process server received the summons and complaint for service on defendant at the address in Tumwater, Washington. The

process server personally attempted to serve defendant at that Tumwater address, but he had already moved. On October 11, the process server attested that "[a]fter due inquiry, and a diligent search, [she] was unable to complete service" on defendant. Later, on March 28, 2000, the process server again attested that she had made "due inquiry" and "a diligent search," but was unable to complete service on defendant. She added that:

> "I checked with the [apartment] Manager's Office. They stated that the defendant was a previous tenant, although they would not provide any forwarding information. I also spoke with a downstairs neighbor. She stated she had only just moved in and did not know any of her neighbors."

On September 20, 1999, plaintiff's attorney wrote to defendant's insurance claims representative, reporting that the attorney had tried unsuccessfully to serve defendant. The letter enclosed a copy of the summons and complaint. On September 22, plaintiff's attorney mailed copies of the summons and complaint to the Tumwater apartment address, using both certified mail and regular first-class mail. Both mailings were returned as "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

In his affidavit opposing summary judgment, plaintiff's attorney explained his strategy as follows:

> "2. I knew that the Oregon Department of Transportation would not have the current [address] for Defendant who had a New Mexico Drivers License and had provided a Washington State address.
>
> "3. After my process server failed to serve Defendant at his Washington address, I called the Oregon Department of Transportation in Salem. In that telephone conversation of ODOT's customer service operators I sought affirmation of my knowledge.
>
> "4. ODOT's representative specifically told me that ODOT would not have an address for a non-resident driver.
>
> "5. Based on my knowledge and the information provided by ODOT, I knew ODOT would not have Defendant's current address."

In his affidavit in support of summary judgment, defendant attested that in early November 1999 his insurance company sent him a letter indicating that a complaint "may have been filed against [him] in Washington County Circuit Court." According to defendant, the letter did not enclose the complaint or include specific references to its contents other than to advise that the prayer of the complaint sought damages in excess of defendant's liability policy limits.

On October 25, 1999, defendant's attorney filed an answer to plaintiff's complaint, alleging as an affirmative defense that, if plaintiff did not perfect service on or before November 28, 1999, the action would be barred by the statute of limitations. On March 14, 2000, defendant filed a motion for summary judgment asserting that he had not been served within the statute of limitations. The trial court granted defendant's motion, and plaintiff appeals from the ensuing judgment dismissing her complaint.

■ On appeal, plaintiff asserts that she completed valid service on defendant in either of two ways before the statute of limitations expired. First, she contends that service was properly effected under ORCP 7, which provides, in part:

"D(4)(a)(i) In any action arising out of any accident, collision, or other event giving rise to liability in which a motor vehicle may be involved while being operated upon the roads, highways, or streets of this state, if the plaintiff makes at least one attempt to serve the defendant who operated such motor vehicle * * * by a method authorized by subsection (3) of this section except service by mail pursuant to subparagraph (3)(a)(i) of this section and, as shown by its return, did not effect service, the plaintiff may then serve that defendant by mailings made in accordance with paragraph (2)(d) of this section addressed to that defendant at:

"(A)  any residence address provided by that defendant at the scene of the accident;

"(B)  the current residence address, if any, of that defendant shown in the driver records of the Department of Transportation;

"(C) any other address of that defendant known to the plaintiff at the time of making the mailings required by (A) and (B) that reasonably might result in actual notice to that defendant.

"Sufficient service pursuant to this subparagraph may be shown if the proof of service includes a true copy of the envelope in which each of the * * * mailings required by (A), (B) and (C) above was made showing that it was returned to sender as undeliverable or that the defendant did not sign the receipt."

Plaintiff concedes that she did not make the mailing to defendant, as required by subparagraph D(4)(a)(i)(B), at his Oregon residence as shown in ODOT's driver records.[1] She also acknowledges that the plain text of the rule requires that mailing as an *additional* condition for completion of service under ORCP 7 D(4). However, plaintiff contends that she was excused from complying with that requirement. Plaintiff points out that ORCP 7 D(4) was amended in 1997 in order to liberalize the requirements for effecting service under that subsection.[2] According to plaintiff, the 1997 amendment to the rule "anticipated that all three [service] methods might not work" and "intended that [ODOT] service would still be effective when one of the confirmation steps could not be practically performed, as is evidenced by their recognition that a plaintiff might not know of a third address for a defendant."

Plaintiff relies on *Carlson v. Martin*, 160 Or App 350, 983 P2d 1031, *rev den* 329 Or 287 (1999), decided under the 1995 version of the rule, which permitted ODOT service when the defendant "cannot be served" personally, by substituted service, or by office service. In *Carlson*, the issue was whether the plaintiff was excused from attempting office service when the plaintiff had no basis to believe that office

---

[1] It is undisputed that plaintiff timely made the mailing required by subparagraph D(4)(a)(i)(A). The parties disagree as to whether plaintiff complied with subparagraph D(4)(a)(i)(C). However, in view of our disposition of plaintiff's argument concerning her noncompliance with subparagraph D(4)(a)(i)(B), we need not resolve that dispute.

[2] The previous version of the rule required attempts at personal, office, and substituted service as a predicate for service under ORCP 7 D(4). It also required, as a condition of service, the filing of summons and complaint with ODOT. Those requirements were eliminated in the 1997 version of the rule.

service was a possibility. We held that the plaintiff was not required to attempt office service, because she "reasonably [had] determined that office service cannot be accomplished." *Id.* at 363.

According to plaintiff, the same futility existed here with respect to compliance with subparagraph D(4)(a)(i)(B). Plaintiff argues that when her attorney was advised by an ODOT representative that ODOT does not maintain address records for nonresident drivers, she had no reason to suspect that it would have an address for defendant. Plaintiff reminds us that, as far as she knew, defendant had never resided in Oregon. Thus, like the plaintiff in *Carlson* who had no reason to suspect that the defendant had an office anywhere, plaintiff asserts that she was excused from serving defendant at his address on record at ODOT.

Plaintiff's reliance on *Carlson* is misplaced. Our decision in that case turned on the construction of different statutory language than is at issue here. In *Carlson,* office service was excused if, under ORCP 7 D(7) (1995), "the plaintiff knew that service by such methods could not be accomplished." *Id.* at 356-57. We took a pragmatic view of the meaning of "knew":

> "The only way that plaintiff possibly could have acquired the information needed to attempt office service would have been to launch some form of massive, statewide search attempting to find where, if at all, defendants might conduct business or be employed. To interpret the statute to require plaintiffs to undertake such a search would render the [ODOT] service provision a virtual nullity." *Id.* at 361 (footnote omitted).

The circumstances here are quite different. The issue is not whether plaintiff *knew* that a prescribed method of service could not be accomplished. The answer to that question would have been decisive under ORCP 7 D(7) (1995) or, for that matter, if we were concerned with plaintiff's compliance with subparagraph 7 D(4)(a)(i)(C). However, subparagraph 7 D(4)(a)(i)(B) is not so phrased. It required plaintiff to mail summons and complaint to "the current residence address, *if any*, of defendant shown in the driver records of the Department of Transportation[.]" (Emphasis added.) The

rule prescribes three sets of mailings, the first two of which—including subparagraph 7 D(4)(a)(i)(B)—are mechanical and do not require *or permit* the exercise of judgment. We are not free to rewrite the rule to infuse it with a futility exception that the drafters and the legislature omitted. *See* ORS 174.010.

However, even if the rule did depend on plaintiff's knowledge, it is undisputed that defendant's current address *was* shown in the driver records of ODOT throughout the pendency of this action. Unlike in *Carlson,* to ascertain that information would not have entailed a futile search. Plaintiff was required to inquire of only one source. The problem is that plaintiff's attorney did not ask the representative if defendant's address was shown in ODOT's driver records. Instead, the attorney asked a different question: whether ODOT maintained address records for nonresidents. The answer to that question is not relevant to compliance with subparagraph 7 D(4)(a)(i)(B), because the *residency* of the defendant is not the focus of the rule. It applies neutrally both to defendants who are Oregon residents and to those who are not. Plaintiff's failure to pose the correct inquiry does not mean that it would have been futile to do so. In short, plaintiff did not effect service under ORCP 7 D(4).

■ The question remains whether the sum of plaintiff's service efforts satisfied ORCP 7 D(1), which provides, in part:

> "Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

Plaintiff reminds us that her process server attempted personal and mail service to defendant at his former address in Washington. In addition, plaintiff's attorney made the failed inquiry of the ODOT representative and also mailed a copy of the summons and complaint to defendant's insurance carrier. Finally, plaintiff notes that defendant did receive notice of the pendency of the action from her insurer. When considered together, plaintiff asserts that those efforts were reasonably calculated to apprise defendant of the pendency of the action and, thus, satisfied ORCP 7 D(1).

Plaintiff relies on *Benavidez v. Benavidez*, 161 Or App 73, 984 P2d 307, *rev den* 329 Or 527 (1999), to support her position. In *Benavidez*, we held that substituted service on the father of a 16-year-old defendant at the father's residence, after the father falsely represented to the process server that the defendant lived at that residence, coupled with an inquiry five months earlier through ODOT that indicated that the defendant listed her father's home as her address, were sufficient to satisfy ORCP 7 D(1). *Benavidez* does not provide a good match for the facts here. Unlike in that case, plaintiff's attempt to serve defendant at the Washington address could not reasonably have been expected to apprise her of the action. Plaintiff knew that defendant did not reside at that address when both service attempts were made there. Further, unlike in *Benavidez*, plaintiff did not obtain useful information from ODOT because her attorney did not make the relevant inquiry under subparagraph 7 D(4)(a)(i)(B).

The facts here are more similar to those of *Gish*. There, the plaintiff argued that "even if he did not complete service in accordance with ORCP 7 D(4)(a)(i), follow-up mail service to defendant's last known addresses and mail service to defendant's insurance company were reasonably calculated to apprise defendant of the pendency of the action pursuant to ORCP 7 D(1)." *Id.* at 597. We disagreed:

> "In *Paschall v. Crisp*, 138 Or App 618, 625, 910 P2d 407, *rev den* 324 Or 176 (1996) we held that 'mailing a copy of the summons and complaint to an address at which [plaintiff] knows defendant does not reside is [not] reasonably calculated to provide defendant notice of the pendency of the action.' Nor is mailing a copy of the summons and complaint to defendant's insurer notice to defendant. *Hoyt v. Paulos*, 310 Or 196, 203, 796 P2d 355 (1990); *Campos v. Chisholm*, 110 Or App 158, 161, 821 P2d 1121 (1991)." *Id.* at 597.

The only material difference between the circumstances of *Gish* and the facts here is plaintiff's attorney's incomplete inquiry of the ODOT representative. That difference, though, does not help plaintiff. It is precisely because that inquiry was improperly framed that plaintiff did not comply with ORCP 7 D(4). That noncomplying effort to effect service was not reasonably calculated to apprise defendant of

the pendency of the action. Further, the fact that defendant may have received actual notice of the action through his insurer does not change the result. *Id.*; *Bishop v. OBEC Consulting Engineers*, 160 Or App 548, 557, 982 P2d 25 (1999). Accordingly, plaintiff failed to serve defendant adequately.

Affirmed.