## STATE ex rel DEPARTMENT OF TRANSPORTATION, *Appellant,*
### *v.*
### JEWETT et ux, *Respondents.*
### (No. CC 74-292, CA 6083)
559 P2d 1312

John W. Burgess, Assistant Attorney General, Salem, argued the cause for appellant. With him on the appellant's brief were Lee Johnson, former Attorney General, and W. Michael Gillette, Solicitor General, Salem; with him on the appellant's reply brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Lawrence M. Dean, Astoria, argued the cause for respondents. With him on the brief was Macdonald, Dean, McCallister & Snow, Astoria.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

This appeal involves the application of the doctrine of collateral estoppel to a series of condemnation actions brought by plaintiff Department of Transportation.

The state appeals from a partial summary judgment order holding that the state was collaterally estopped to litigate a secondary issue in the case, namely, the liability of the state for damages under a theory of inverse condemnation on account of allegedly causing a massive landslide.

The essential facts are as follows:

In 1952 the state realigned a portion of Highway 101 in Clatsop County along the eastern boundary of the property of defendants and three other owners in what is known as the Silver Point Slide Area. In February of 1974 a landslide, from which the area derives its name, occurred.

In June of 1974 the state filed four condemnation actions in the usual form seeking to appropriate four parcels in the Silver Point Slide Area. The defendants in the first of the condemnation actions to be tried, Walter and Nancy Downing, in addition to challenging the state's valuation of their premises, asserted the position that the state had caused the landslide by realigning the highway and making hillside cuts in a slide area in 1952 and that the state should be required to pay the pre-slide fair market value of the land. The jury in the Downing case returned a special verdict finding that the state had not caused the slide.

In the second case, which involved the property of Barbara, Leon and Elizabeth Settem, the same issue was presented to the jury who found that the state had caused the slide.

In this, the third condemnation case, defendants presented a motion for summary judgment on the inverse condemnation liability issues and the trial

[ 533 ]

court granted a partial summary judgment ordering, in effect, that the state was collaterally estopped from asserting nonliability for the landslide. Following this the case was tried to a jury resulting in a verdict and judgment in favor of defendants.

The trial court's partial summary judgment order was entered in February of 1976, which was prior to the Supreme Court's disposition of a similar inconsistent verdict — collateral estoppel issue in *State Farm v. Century Home,* 275 Or 97, 550 P2d 1185 (1976).

The state contends on appeal that the instant case is controlled by *State Farm* and argues that this court must reverse and remand this case for a new trial. Defendant counters by pointing to language in *State Farm* to the effect that collateral estoppel is allowable when no unfairness would result and avers that here no unfairness to the state would result.

In *State Farm,* as here, a negligence issue was tried to separate juries with inconsistent results. A collateral estoppel claim in a subsequent action was rejected by our Supreme Court because,

"* * * where there are extant determinations that are inconsistent on the matter in issue, it is a strong indication that the application of collateral estoppel would work an injustice. * * *" 275 Or at 110.

Defendants argue that *State Farm* should not require reversal in this case because there was less at stake in the first trial and the issues were not as fully developed and presented as they were in the second trial and that therefore no unfairness would result from the application of collateral estoppel. In *State Farm* the Supreme Court, when presented with a similar contention, declined to decide which case was the better tried because, "* * * The existence of conflicting determinations of similar issues demonstrates that different bodies can legitimately draw different conclusions. * * *" 275 Or at 114. For the same reason we likewise decline the invitation of defendants to decide which case was better tried.

Reversed and remanded.