Argued and submitted June 15, affirmed October 14, reconsideration denied
December 30, 1992, petition for review denied January 26, 1993 (315 Or 311)

Pearl HARPER,
Margilee Laborde and Richard Greening,
Trustees of the Testamentary Trust of
Harry Ludwig, Deceased,
*Appellants,*

*v.*

SIZEMORE-BURKE, P.C.,
an Oregon professional corporation;
and Bradford T. Burke,
*Defendants,*

*and*

OREGON STATE BAR
PROFESSIONAL LIABILITY FUND,
*Respondent.*

(A8511-06935; CA A70690)

838 P2d 1106

Ferris F. Boothe, Portland, argued the cause and filed the briefs for appellants.

William G. Earle, Portland, argued the cause for respondent. With him on the brief were Angela M. Stewart and Hallmark, Keating & Abbott, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs, trustees of a testamentary trust, appeal from a summary judgment for Professional Liability Fund (PLF) that PLF has no obligation to pay the legal malpractice judgment that plaintiffs obtained against defendants. We affirm.

Plaintiffs obtained a default judgment against defendants for recovery of certain trust funds that defendants improperly withdrew from the trust account. Plaintiffs filed a writ of garnishment against PLF to recover under defendants' professional malpractice insurance plan. PLF responded to the garnishment by denying that it was obligated to pay any portion of the judgment. On cross-motions for summary judgment, the court granted PLF's motion and denied plaintiffs'. Plaintiffs appeal.

We reject without discussion plaintiffs' assignment that the trial judge erred in failing to recuse himself.

■ The thrust of plaintiffs' appeal is that the trial court erred in concluding that the loss was not covered by PLF, because PLF provides coverage only on a "claims made" basis. When plaintiffs' claim was made in 1985, defendants were no longer covered by PLF. Plaintiffs argue vigorously that they should be able to recover their loss, because PLF coverage is mandated by ORS 9.080(2).[1] They argue that ORS 9.080(2) is a consumer protection statute and that the policy should be reformed to provide occurrence coverage in order to comply with the statute. They assert that the trial court

---

[1] ORS 9.080(2)(a) provides, as pertinent:

"The board [of governors of the Oregon State Bar] shall have the authority to require all active members of the state bar engaged in the private practice of law whose principal offices are in Oregon to carry professional liability insurance and shall be empowered, either by itself or in conjunction with other bar organizations, to do whatever is necessary and convenient to implement this provision, including the authority to own, organize and sponsor any insurance organization authorized under the laws of the State of Oregon and to establish a lawyer's professional liability fund. *This fund shall pay, on behalf of active members of the state bar engaged in the private practice of law* whose principal offices are in Oregon, *all sums as may be provided under such plan which any such member shall become legally obligated to pay as money damages because of any claim made against such member as a result of any act or omission of such member in rendering or failing to render professional services for others in the member's capacity as an attorney* or caused by any other person for whose acts or omissions the member is legally responsible." (Emphasis supplied.)

should have precluded PLF from arguing that the claim was not covered because of a judgment entered in another Multnomah County case in which another trial judge had concluded that ORS 9.080(2) requires PLF to cover claims on an occurrence basis, regardless of the claims made provision of the policy. PLF gives various reasons why issue preclusion should not apply in this case. We find it unnecessary to address those arguments.

■ Even assuming the correctness of plaintiffs' premise that the legislation must be construed to require coverage on an occurrence rather than on a claims made basis, their claim is nonetheless outside PLF coverage. The evidence is that the actions of defendants that resulted in their liability to plaintiffs occurred in *late* November, 1984, after both lawyers involved had resigned from the Oregon State Bar in *early* November, 1984. Plaintiffs do not challenge that evidence. PLF's policy provides, in part:

> "*The Fund shall pay* on behalf of the Covered Party *all sums which the Covered Party shall become legally obligated to pay as damages* as a result of claims first made against the Covered Party during the Plan Period *by reason of any act, error or omission in professional services rendered* or that should have been rendered by the Named Party or by any person for whose acts or omissions the Named Party is legally responsible, and *arising out of the conduct of the Named Party as a lawyer if the Named Party was in the private practice of law* in Oregon with his or her principal office in the State of Oregon *at the time of the conduct giving rise to the claim.*" (Emphasis supplied.)

Plaintiffs do not argue that ORS 9.080(2) requires PLF to provide coverage for actions taken by persons who are not lawyers. Because the policy specifically precludes coverage on these facts, we need not address plaintiffs' other arguments.[2]

Because of our disposition of the case, it is unnecessary to address plaintiffs' other assignment.

Affirmed.

---

[2] Even if we were to consider plaintiffs' argument that PLF should be bound by the ruling in the earlier case that it must provide occurrence coverage, we note that the judgment on which plaintiffs rely for their preclusion argument has been vacated. There is no indication in the record that another judgment was ever entered. There can be no preclusive effect from a vacated judgment.