Argued and submitted September 30, affirmed November 19, 1997, petition for review denied March 17, 1998 (326 Or 530)

## DWAYNE RANDALL JOHNSON,
*Appellant,*

*v.*

## Carl ZENON,
## Superintendent,
## Oregon State Correctional Institution,
*Respondent.*

## (95C-10315; CA A94345)

948 P2d 767

Walter J. Todd argued the cause for appellant. On the brief was David B. Kuhns.

Kaye E. Sunderland argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Haselton, Presiding Judge, Landau, Judge, and Rossman, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

In this post-conviction proceeding, petitioner alleges ineffective assistance of his trial and appellate counsel. The post-conviction court entered a judgment denying relief and dismissing the petition. On appeal, only one of petitioner's assignments of error requires discussion. Our review is limited to questions of law. ORS 138.650; *Hartzog v. Keeney*, 304 Or 57, 61, 742 P2d 600 (1987). We affirm.

The following facts are relevant to the issue we address in this opinion. In June 1991, petitioner was convicted of two counts of burglary in the first degree and one count of criminal trespass. He was sentenced as a dangerous offender. Petitioner appealed and we held:

> "The court 'merged' the convictions and sentenced defendant to 30 years under the dangerous offender statute, ORS 161.725, with a 15-year minimum term. The court imposed an alternative 20-year sentence under the sentencing guidelines. The state concedes that the court erred in imposing an indeterminate sentence under the dangerous offender statute. *State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992). We accept that concession." *State v. Johnson (A71401)*, 117 Or App 531, 532, 842 P2d 819, *rev den* 317 Or 163 (1993).

On the state's motion for reconsideration, we held:

> "As the state points out, it conceded only that the 15-year minimum determinate term was erroneous, because it exceeded the presumptive sentence prescribed by ORS 161.737(2).
>
> "We allow the motion for reconsideration * * *[.] However, the case must be remanded for resentencing under *State v. Davis*, 315 Or 484, 847 P2d 834 (1993)." *State v. Johnson*, 119 Or App 494, 495, 849 P2d 1160 (1993).

In November 1993, at resentencing, the court again found petitioner to be a dangerous offender. On one count of burglary, the court imposed a departure sentence of 80 months and ordered the sentence for criminal trespass to be served concurrently with it; on the second count of burglary, the court imposed a dangerous offender sentence of 30 years with

a 40-month minimium term. The court also ordered that sentence to be served concurrently.[1]

On post-conviction, petitioner's position is that his sentence should have been governed by the sentencing guidelines rules, specifically OAR 253-08-004(1),[2] which stated:

"A durational departure from a presumptive incarceration term shall not total more than double the maximum duration of the presumptive incarceration term."

Petitioner argues that *Davis* made it clear that that rule should have been applied and that, but for his sentencing counsel's unprofessional errors, the maximum term he could have received was 80 months, not the dangerous offender term of 30 years that was imposed.

In *Davis*, the issue before the court was "whether OAR 253-08-007(3), which limits the 'incarceration term' that a convicted offender may serve under a 'departure' sentence that has been imposed [as] a consecutive sentence, applies to the entire indeterminate term of a sentence under the dangerous offender statutes, ORS 161.725 to 161.737." 315 Or at 486. The court held that it did. Petitioner argues that, although the issue in *Davis* was whether a dangerous offender sentence was subject to the rules governing consecutive sentences, *Davis* also applies to concurrent sentences because "a dangerous offender sentence is a departure sentence *within* the guidelines, rather than a sentence that falls *outside* the guidelines." *Id.* at 490 (emphasis in original). Thus, petitioner contends, the sentencing court was obligated to apply OAR 253-08-004(1) when it resentenced him.

---

[1] Petitioner appealed the 1993 sentence and also filed this petition for post-conviction relief. This court affirmed the 1993 sentence without opinion in March 1995. While his appeal was pending, the state moved in the sentencing court to amend the judgment to comply with the provisions of ORS 137.635 (the "Denny Smith" initiative). In March 1995, over petitioner's objection, the court granted the state's motion. Appellant was not represented by counsel at that resentencing and he appealed. He subsequently dismissed that third appeal after the state moved to dismiss his post-conviction action on the ground that petitioner had an appeal pending from the underlying criminal proceeding.

[2] We refer to the numbers and text of the guidelines rules as they were at the time of petitioner's sentencing. The rules have since been amended and renumbered.

Defendant responds that *Davis* did not resolve the issue here. Defendant argues that no Oregon appellate court has held that OAR 253-08-004(1) limited a dangerous offender sentence to a term of twice the presumptive sentence when sentences are concurrent and that, even after *Davis*, the resolution of the issue is still "far from clear." Furthermore, defendant contends, petitioner's argument is an extension of *Davis* that is not warranted because, in *Davis*, the court construed *former* OAR 253-08-007(3) and OAR 253-12-020(2) and the language, purposes and statutory context of OAR 253-08-004(1) are different.

■ We do not decide whether *Davis* applies to concurrent sentences. To demonstrate inadequate assistance of counsel, petitioner must show, by a preponderance of the evidence, facts demonstrating that counsel failed to exercise reasonable professional skill and judgment and that petitioner has suffered resulting prejudice. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). We conclude that petitioner did not show that his sentencing counsel failed to exercise reasonable professional skill.

■ Petitioner was originally sentenced to 30 years with a 15-year minimum term under the dangerous offender statutes, ORS 161.725 and ORS 161.735, and the court "merge[d] all convictions for sentencing purposes[.]" At the resentencing hearing following our remand under *Davis*, the court stated:

> "I want to state for the record that I have just finished a rather substantial conversation with Counsel simply aimed at trying to understand where the Court of Appeals has taken us under the sentencing guidelines, trying to understand some of the cases that have been decided that relate to the problems that resulted in a reversal of the sentence here. If either Counsel wish to comment upon that they certainly may do so. I just wanted to indicate that we had discussed that, and attempted to make sense of it."

Petitioner's counsel agreed with the court that "there are a lot of problems in trying to figure out exactly what it all means." Counsel then argued that the sentencing court was bound by its "merger" of the convictions and that only one sentence could be imposed. Counsel continued:

> "Our argument in connection with the—excuse me—the dangerous offender statute is that it can be used only as a, as a departure sentence, which would mean multiplying the forty months to eighty months. We believe that's discretionary under the Administrative Rules, because the word 'may' is used under the Administrative Rules. We would ask you not to depart from the forty month presumptive sentence[.]"[3]

The court rejected those arguments.

In this post-conviction proceeding, petitioner constructs an articulate analysis of statutes and rules—including a statutory construction under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993)—to support why *Davis* applies to concurrent sentences. However, the thesis of his argument is that his "sentence should have been governed by the Sentencing Guidelines Rules" under which 80 months was the maximum sentence he could receive. That is the position petitioner's sentencing counsel made to the court. The argument made by petitioner's sentencing counsel was not constitutionally inadequate because it was not articulated in the same way with the same clarity and sophistication as in this post-conviction proceeding. The post-conviction court did not err in denying post-conviction relief.

Affirmed.

---

[3] Petitioner also argues that his sentencing counsel failed to exercise reasonable skill because petitioner "advised counsel that he believed the sentence to be contrary to law and that he wanted him to object." However, petitioner's letter shows that the argument his counsel made was the one he requested. According to petitioner:

> "The argument supporting the 40 month presumptive and the 80 month top under the D.O. [dangerous offender] is in accordance with the court's finding in State v. Davis, which clearly states that the D.O. is basically a departure sentence within the guidelines, and therefore subject to the rules governing departures."