Argued and submitted November 16, 2009, reversed and remanded November 10, 2010, petition for review denied February 3, 2011 (349 Or 602)

Dwayne JOHNSON,
*Plaintiff-Appellant,*

*v.*

Gary D. BABCOCK,
*Defendant-Respondent.*

Marion County Circuit Court
03C13019; A139796

243 P3d 120

Marianne Dugan argued the cause and filed the briefs for appellant.

Michael J. Walker argued the cause for respondent. With him on the brief was Parks, Bauer, Sime, Winkler & Fernety, LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

In this action for legal malpractice, plaintiff[1] appeals, assigning error to the allowance of defendant's motion for summary judgment. As described below, the procedural posture is singular: After plaintiff unsuccessfully sought post-conviction relief based on defendant's alleged ineffective assistance in criminal matters, *see Johnson v. Zenon*, 151 Or App 349, 948 P2d 767 (1997), *rev den*, 326 Or 530 (1998) (*Johnson III*), plaintiff successfully petitioned in federal court for habeas corpus relief on the same grounds. *Johnson v. Zenon*, No CV 96-6109-TC (D Or Feb 5, 2001). In allowing defendant's motion for summary judgment, the trial court in this case concluded that, notwithstanding the federal court's subsequent judgment affording plaintiff collateral relief, the final state judgment denying post-conviction relief precluded plaintiff from litigating defendant's alleged malpractice. We conclude that the trial court erred in so determining because, given the inconsistent state and federal judgments as to the adequacy of defendant's representation of plaintiff, the former is not preclusive in this context. Accordingly, we reverse and remand.

In 1991, plaintiff was convicted of two counts of burglary in the first degree and one count of criminal trespass. Those convictions have given rise over the last two decades to a continuing flow of litigation, in the state and federal courts, including (now) five published appellate opinions. Rather than recounting that saga in detail, we relate only those facts that are material to the dispute now presented.

Plaintiff appealed the 1991 judgment under which he was convicted and sentenced. The trial court had

" 'merged' the [1991] convictions and sentenced [plaintiff] to 30 years under the dangerous offender statute, ORS 161.725, with a 15-year minimum term. The court imposed an alternative 20-year sentence under the sentencing guidelines."

---

[1] Plaintiff has, in predicate proceedings, been a criminal defendant and a post-conviction petitioner; for clarity and consistency, this opinion refers to him as "plaintiff" regardless of context.

*State v. Johnson (A71401)*, 117 Or App 531, 532, 842 P2d 819 (1992) (*Johnson I*). We affirmed the convictions. *Id.* However, on reconsideration, we concluded with respect to plaintiff's sentence that "the case must be remanded for resentencing under *State v. Davis*, 315 Or 484, 847 P2d 834 (1993)." *State v. Johnson*, 119 Or App 494, 495, 849 P2d 1160 (1993) (*Johnson II*).

In 1993, following that remand, defendant represented plaintiff at the resentencing hearing. At that hearing, as we described in plaintiff's subsequent post-conviction appeal:

"[T]he court again found [plaintiff] to be a dangerous offender. On one count of burglary, the court imposed a departure sentence of 80 months and ordered the sentence for criminal trespass to be served concurrently with it; on the second count of burglary, the court imposed a dangerous offender sentence of 30 years with a 40-month minimum term. The court also ordered that sentence to be served concurrently."

*Johnson III*, 151 Or App at 351-52.

Plaintiff then appealed the sentence imposed in the 1993 resentencing, contending, *inter alia*, that the 30-year sentence had been improperly imposed. The state responded, in part, that that contention was unreviewable as unpreserved. We affirmed without issuing an opinion. *State v. Johnson*, 131 Or App 363, 884 P2d 1231 (1994), *rev den*, 320 Or 508 (1995).

Plaintiff subsequently filed a petition for post-conviction relief, alleging, *inter alia*, that he had been denied effective assistance of counsel at the resentencing hearing in violation of his rights under the Sixth Amendment to the United States Constitution because defendant failed to object to the 30-year sentence. Plaintiff argued that the maximum term he could have received under *Davis* was 80 months, not the 30 years (360 months) that was imposed. The circuit court denied plaintiff's petition for post-conviction relief. On appeal of that decision, we concluded that the circuit court did not err in denying post-conviction relief because plaintiff

failed to show that defendant's performance at the resentencing hearing was unreasonably deficient.[2] *Johnson III*, 151 Or App at 353.

Thereafter, plaintiff sought habeas corpus relief in the United States District Court for the District of Oregon pursuant to 28 USC section 2254. The federal court concluded that defendant's representation of plaintiff at the resentencing hearing did not comport with the constitutionally minimum standard of effective assistance of counsel. *Johnson v. Zenon*, No CV 96-6109-TC (D Or Feb 5, 2001). Specifically, the federal court determined that defendant's failure to object to the 30-year sentence on the basis that it violated *Davis* was unreasonable and prejudiced plaintiff because there was a reasonable probability that plaintiff would have been sentenced to less than 30 years if defendant had argued that the sentence violated *Davis*. Upon remand from the federal court to the state trial court for resentencing, the state stipulated to a sentence of 80 months, and plaintiff was released from custody.

Plaintiff then initiated the present legal malpractice action. Plaintiff alleges that, if he had been sentenced to 80 months, he would have been released in October 1997 and that, consequently—and as a result of defendant's negligence—he was wrongfully incarcerated from that date until his release in March 2001. The trial court initially dismissed this action, pursuant to ORCP 21 A(8), and we reversed that dismissal. *Johnson v. Babcock*, 206 Or App 217, 136 P3d 77, *rev den*, 341 Or 450 (2006) (*Johnson IV*).[3]

---

[2] To be entitled to post-conviction relief on the basis of ineffective assistance of counsel under the United States Constitution, a petitioner must show that his trial counsel's performance was unreasonably deficient and that the petitioner was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

[3] The trial court's ORCP 21 A(8) dismissal was predicated on its determination that plaintiff had not satisfied the procedural requirements for prosecuting a malpractice claim against a criminal defense attorney as prescribed in *Stevens v. Bispham*, 316 Or 221, 851 P2d 556 (1993). There, the court held that

"for one convicted of a criminal offense to bring an action for professional negligence against that person's criminal defense counsel, the person must, in addition to alleging a duty, its breach, and causation, allege 'harm' in that the person has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise."

*Id.* at 238. The trial court in *Johnson IV* agreed with defendant that plaintiff had not been "exonerated" within the meaning of *Bispham* because he had obtained

Following remand, defendant moved for summary judgment on the basis that plaintiff's malpractice claim is precluded by the final judgment in the state post-conviction proceedings, which was necessarily predicated on a determination that plaintiff had failed to prove that defendant had not exercised reasonable professional skill and judgment. The trial court granted defendant's motion for summary judgment, reasoning that, notwithstanding the fact that plaintiff ultimately secured relief in the federal habeas corpus proceeding, the final judgment in the post-conviction proceeding defensively precluded any determination of whether defendant committed legal malpractice:

> "The State court Judgment in the Post Conviction matter was and is a full and final adjudication of the issues raised therein and therefore any issues that actually were or that could have been litigated are precluded from further adjudication by the Plaintiff. Specifically, Plaintiff alleged ineffective assistance of counsel for the same acts that are alleged to have constituted malpractice in the instant case and the court therein found that Plaintiff had received effective assistance of counsel on appeal in accordance with the standards required of an attorney practicing within the State of Oregon * * *.

> "The United States District Court in the Habeas Corpus action made findings pursuant to Federal statutory and constitutional standards that may or may not be the same as those applied by the State court in the Post Conviction action, but the findings of the Federal Court did not directly abrogate the State Court Judgment and do not in any manner 'reverse' or set aside the State court findings. The Federal Court's jurisdiction is limited to the claims raised in the Federal Petition and is bound by the jurisdictional limitations of the Federal Court in regard to Federal questions and issues.

> "The State of Oregon courts determined issues of State substantive law. The resulting Judgment is a final Judgment and is binding on the Plaintiff in so far as the rules of issue preclusion apply, and the Plaintiff is thereby

---

habeas corpus relief from the *sentence*, but not from the underlying *convictions*. We reversed and remanded, concluding that the federal court's grant of habeas corpus relief from the sentence satisfied the exoneration requirement of *Bispham*. *Johnson IV*, 206 Or App at 222-24.

precluded from re-litigating the issue in State court. The action here against Defendant Babcock is founded in Oregon common law and the procedural and substantive rules of law in the State of Oregon are controlling."

Plaintiff appeals. On appeal of a grant of summary judgment, we review the record in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). The resolution of this appeal turns on the question of whether the trial court made an error of law in giving preclusive effect to the earlier determination, made in the post-conviction proceeding, that plaintiff was afforded effective assistance of counsel by defendant, notwithstanding the federal court's subsequent judgment to the contrary. We conclude that the trial court erred as a matter of law in granting defendant's motion for summary judgment.

■ The following elements are necessary to bar relitigation of an issue that has already been determined in a previous action:

" '1. The issue in the two proceedings is identical.

" '2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceedings.

" '3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

" '4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

" '5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.' "

*Stevens v. Horton*, 161 Or App 454, 461, 984 P2d 868 (1999), *rev den*, 331 Or 692 (2001) (quoting *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993)).

Plaintiff advances two arguments in support of his position that the trial court erred in precluding him from litigating the issue of defendant's negligence. We reject the first argument but, for the reasons explained below, find the second persuasive.

Plaintiff's first argument is that issue preclusion does not apply because the judgment in the post-conviction proceeding lacks finality. Specifically, plaintiff argues that the post-conviction decision is no longer a final decision because it was "voided" by the federal court in the habeas corpus proceeding. Plaintiff cites several cases in support of the proposition that a reversed or vacated judgment cannot serve as the basis for application of issue preclusion. *See, e.g., Harper v. Sizemore-Burke, P.C.*, 115 Or App 502, 505 n 2, 838 P2d 1106 (1992), *rev den*, 315 Or 311 (1993) (no preclusive effect from vacated judgment).

The problem with plaintiff's argument is that it misconstrues the nature of federal habeas relief and the effect of the federal court's judgment. Although the federal court's judgment directing that plaintiff be resentenced effectively vacated the sentence in the criminal case, that decision had no impact on the state court post-conviction proceeding and its consequent final judgment. *Cf. Hassine v. Zimmerman*, 160 F3d 941, 954 (3d Cir 1998), *cert den*, 526 US 1065 (1999) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." (Emphasis in original.)). Thus, the premise of plaintiff's argument—*viz.*, the purported vacatur of the post-conviction judgment given preclusive effect by the trial court in this action—is incorrect.

Plaintiff next argues that, even if the elements of issue preclusion are otherwise satisfied, the federal court's disposition in the habeas action created a clear inconsistency in judgments, under which circumstance it would be inappropriate to give preclusive effect to the post-conviction decision. We agree.

■■  The general rule governing application of issue preclusion is subject to exception. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). One such exception is that issue preclusion generally is not applicable when there are inconsistent determinations of the pertinent issue. *See, e.g., State Farm v. Century Home*, 275 Or 97, 110, 550 P2d 1185

(1976) (concluding that it would be unfair to preclude relitigation of question of liability for negligence given existence of inconsistent judgments on that issue); *State ex rel Dept. of Trans. v. Jewett*, 28 Or App 531, 534, 559 P2d 1312 (1977) (citing *Century Home* and reversing trial court's decision to preclude relitigation of issue of negligence where that issue had been tried in previous cases with inconsistent results); *accord Restatement (Second) of Judgments* § 15 (1982) (cited by plaintiff in his opposition to the motion for summary judgment and in his opening brief on appeal: "When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata.").[4]

The doctrine of issue preclusion is based on the public interest in ensuring the finality of judgments and the efficient administration of justice. *Century Home*, 275 Or at 107. Nevertheless, in analyzing the applicability of that doctrine, those interests do not trump considerations of fundamental fairness and equity. *Id.* at 110 (court must consider the fairness, under all the circumstances, of precluding a party from relitigating an issue). Thus,

> "[t]hose courts and commentators which have considered the question are in virtually unanimous agreement that where outstanding determinations are actually inconsistent on the matter sought to be precluded, it would be patently unfair to estop a party by the judgment it lost. * * *

> "We agree with the commentators to the extent at least that, where there are extant determinations that are inconsistent on the matter in issue, it is a strong indication that the application of collateral estoppel would work an injustice. There seems to be something fundamentally offensive about depriving a party of the opportunity to litigate the

---

[4] Defendant suggested at oral argument that plaintiff did not preserve the contention that preclusion was inappropriate because of the existence of inconsistent decisions on the issue of the adequacy of the representation afforded by defendant. We disagree. The question of the preclusive effect of the post-conviction decision in light of the federal court's inconsistent decision in the habeas action was unquestionably before the trial court. Further, the effect of the federal court's judgment presents a purely legal question that is necessarily implicated in our review of the trial court's issue preclusion rationale.

issue again when he has shown beyond a doubt that on another day he prevailed."

*Id.* at 109-10 (footnotes omitted). *See also Universal Ideas Corp. v. Esty,* 68 Or App 276, 280, 681 P2d 1176, *rev den,* 297 Or 546 (1984) (issue preclusion should not be applied if actual unfairness will result).

In this case, the existence of inconsistent decisions on the issue of the adequacy of the representation provided to plaintiff by defendant is clear. In the post-conviction proceeding, the trial court determined that defendant afforded plaintiff effective assistance, and we affirmed that decision. The federal court reached the opposite conclusion.[5] We conclude that it would be fundamentally unfair to preclude plaintiff from litigating the issue of defendant's negligence. The proper result, and one consonant with the remedial policies of Oregon malpractice law, is that issue preclusion is inapposite in these circumstances. Just as a judgment in favor of a post-conviction petitioner does not give rise to offensive issue preclusion against a defendant attorney, *see Stevens,* 161 Or App at 456, so too, a judgment in favor of a defendant attorney in a post-conviction proceeding does not give rise to defensive issue preclusion when there is a later, inconsistent judgment in a federal habeas corpus case that counsel's performance was constitutionally inadequate.

Reversed and remanded.

---

[5] Because defendant was not a party to the federal habeas litigation, the federal court's judgment cannot be given offensive issue preclusive effect against defendant, notwithstanding the "later in time controls" principle expressed in *Restatement* section 15. *See generally Stevens,* 161 Or App at 456 (prior post-conviction judgment in the petitioner/plaintiff's favor did not give rise to issue preclusion in ensuing malpractice action against defendant criminal defense attorneys because "defendants were neither parties to the post-conviction proceeding nor in privity with the state in that proceeding").