Argued and submitted October 6, 2010, reversed and remanded March 7, 2012

## Mack A. WOODS,
*Plaintiff-Appellant,*

*v.*

## Gary D. HILL,
*Defendant-Respondent.*

## Clackamas County Circuit Court
## CV07040400; A143387

273 P3d 354

Michael J. Morris argued the cause for appellant. With him on the briefs was Bennett, Hartman, Morris & Kaplan, LLP.

James C. Tait argued the cause for respondent. With him on the brief was Tait & Associates, P. C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.*

HADLOCK, J.

---

* Hadlock, J., *vice* Landau, J. pro tempore.

## HADLOCK, J.

This action for legal malpractice is the epilogue to what this court previously has described as a series of "[p]rocedural misadventures."[1] Defendant, an attorney, represented plaintiff in connection with the dissolution of plaintiff's marriage. The dissolution case was referred to court-annexed arbitration. Defendant then stipulated to "binding" arbitration with the proviso that neither party to the arbitration "waive[d] its right to appeal the judgment or any decision to the Oregon Court of Appeals." After the arbitration award was entered, plaintiff, acting *pro se*, filed a notice of appeal in this court and, on the same day, filed a copy of the notice of appeal in the trial court, requesting a trial *de novo*. After two additional appeals to this court—we describe the "procedural misadventures" in more detail below—on remand, plaintiff eventually did obtain a trial *de novo* in the dissolution matter.

Plaintiff later brought this malpractice action, alleging that defendant had entered into the stipulation for binding arbitration without his consent and had acted negligently in other respects. Plaintiff sought to recover, among other damages, the costs associated with taking the successful appeal that led to the dissolution trial *de novo* on remand. The trial court ruled that—despite the fact that the trial *de novo* already had occurred—plaintiff had not timely requested that trial. The court also ruled that plaintiff's failure to timely request a trial *de novo* meant that plaintiff could not recover any damages that had accrued after the period for making that request had expired. Because all of plaintiff's alleged malpractice damages accrued after that period ended, the court ruled that plaintiff's claim failed as a matter of law, and it entered judgment in defendant's favor. We reverse.

Except as otherwise noted, the facts are not in dispute. Plaintiff's ex-wife, Cynthia Woods, petitioned for dissolution of their marriage in 2002. The primary marital asset was the real property on which plaintiff and Woods lived (referred to by the parties as "the Bolland Road property"),

---

[1] *See Woods and Woods*, 207 Or App 452, 455, 142 P3d 1072 (2006).

and on which two houses were located. While plaintiff and Woods were married, they borrowed money from Woods's aunt to finance construction of the second house. Plaintiff alone signed the promissory note. After plaintiff and Woods separated, plaintiff lived in (and worked out of) one house and Woods lived in the other.

Plaintiff hired defendant to represent him in the dissolution. In March 2003, the case was referred to court-annexed arbitration under ORS 36.405. In May 2003, Woods's attorney drafted a document entitled "MOTION FOR AN ORDER OF REFERRAL TO BINDING ARBITRATION." (Uppercase in original.) The motion stated:

> "Pursuant to the provisions of ORS 3.305, the under-signed attorneys of record in the above-entitled proceeding move that it be referred for all matters in this proceeding to Charles Gazzola, Attorney at Law, * * * a member of the Arbitration/Mediation Panel, who has indicated that such referral would be accepted.
>
> "The parties further stipulate to binding arbitration and that the entry of a judgment arising from trial before the arbitrator as the judgment of record. Neither party waives its right to appeal the judgment or any decision to the Oregon Court of Appeals."

The motion was signed by both Woods's attorney and defendant. It is not clear whether the motion was filed with the court, but no order pursuant to the motion appears to have been signed by a judge or entered in the case file.

An arbitration hearing was held later that month. On July 1, 2003, the arbitrator issued his opinion and award, which awarded Woods substantially more than half of the marital assets. One aspect of that award is pertinent to this case: The arbitrator awarded Woods the Bolland Road property but ordered her to pay the remaining debt to her aunt. The arbitrator ordered husband to vacate the property by September 1, 2003. The award was filed in the trial court on July 28, 2003.

ORS 36.425(2) provides that a party to court-annexed arbitration may, within 20 days after the arbitration award is filed with the court, file a notice of appeal and

request for trial *de novo* in the court that referred the case to arbitration. It provides further that the party filing the notice of appeal must "deposit with the clerk of the court the sum of $150." ORS 36.425(2)(c). On August 18, 2003, plaintiff filed a notice of appeal from the arbitration award in the Court of Appeals. On the same day, he filed a copy of the notice of appeal in the trial court and paid $150 to the court clerk.

Four days later, the trial court entered a judgment of dissolution that divided the marital assets in accordance with the arbitration award. Defendant withdrew as plaintiff's counsel soon thereafter.

In mid-September 2003, we issued an order dismissing plaintiff's appeal from the arbitration award, on the ground that it had been filed in the wrong court. The next day, plaintiff filed a *pro se* notice of appeal from the dissolution judgment entered by the trial court. We dismissed that appeal as well, by order issued in October 2003, on the ground that plaintiff's first notice of appeal—from the arbitration award—had deprived the trial court of jurisdiction to enter the dissolution judgment, which, in turn, deprived this court of jurisdiction to hear an appeal from it.

In December 2003, plaintiff, now represented by new counsel, filed in the trial court an "amended" notice of appeal from the arbitration award and request for trial *de novo*. Two months later, Woods filed a motion to enter judgment again on the arbitration award. After a hearing on the motion, the trial court found that plaintiff's request for trial *de novo* was timely filed but concluded that plaintiff and Woods had stipulated to binding arbitration, thereby precluding a trial *de novo*. Accordingly, it granted Woods's motion, denied plaintiff's request for trial *de novo*, and entered a judgment based on the arbitration award.

Plaintiff again appealed, in May 2004. The next month, while that appeal was pending, Woods sold the Bolland Road property, but she failed to pay the debt to her aunt. Her aunt had since assigned the promissory note that plaintiff had signed, and the assignee's beneficiary later sued plaintiff on the note and obtained judgments for nearly $150,000 plus interest.

This court ruled on plaintiff's appeal in *Woods and Woods*, 207 Or App 452, 142 P3d 1072 (2006). We held that any purported waiver of the right to trial *de novo* under ORS 36.425(2) was ineffective because the stipulation to binding arbitration was based on a material mutual mistake of law. *Id.* at 462. We explained that the parties' understanding that the judgment predicated on the arbitration award could be appealed to this court was legally erroneous. *Id.* After stating that plaintiff had "filed in the circuit court a timely notice of appeal from the arbitration award and request for a trial *de novo*," we reversed and remanded for a trial *de novo* in the dissolution matter. *Id.* at 455, 463. That trial was eventually held; the results are not pertinent to this case.

Plaintiff then brought this legal-malpractice action against defendant, alleging that defendant had performed negligently in several respects. First, plaintiff claimed that defendant had stipulated to binding arbitration without his consent. Plaintiff asserted that the trial court had denied his request for a trial *de novo* and entered judgment on the arbitration award based on that unauthorized stipulation. Consequently, plaintiff claimed, he had to incur $20,000 in legal expenses to appeal the judgment, in order to obtain the trial *de novo* to which he was entitled. Second, plaintiff alleged that defendant had advised him incorrectly that he had to vacate the Bolland Road property by September 1, 2003, which led plaintiff to unnecessarily expend money on rent for living and office space elsewhere. Plaintiff contended that defendant should have advised him that he could continue to live on the Bolland Road property rent free, if he filed a supersedeas undertaking while the dissolution appeal was pending. Finally, plaintiff alleged that defendant negligently failed to file a notice of pendency of action in the dissolution case, which, he contended, would have prevented Woods from selling the Bolland Road property without paying the debt to her aunt. Had defendant taken that action, plaintiff claimed, he would not have become liable to the assignee of the promissory note he had signed to guarantee payment of that debt.

In his answer to the operative complaint, defendant admitted the allegation that plaintiff had filed a timely request for trial *de novo*. However, defendant denied that he

had entered into the stipulation for binding arbitration without plaintiff's consent. He also denied that he had advised plaintiff that he was required to vacate the Bolland Road property. In addition, defendant asserted comparative negligence as an affirmative defense, alleging, among other things, that he had advised plaintiff to file a notice of pendency of action during the dissolution proceedings and that plaintiff had refused to follow that advice.

The case was set for a jury trial. Before trial, the parties appeared at a hearing at which the admissibility of some anticipated evidence was discussed. At the hearing, defendant raised an issue about plaintiff's ability to prove any damages in light of what he contended was an ineffective request for trial *de novo*:

> "[A]s you'll see from the evidence that's produced in this case, there was no timely request for the trial *de novo* in this case. * * * [W]e agree there was a timely request, but that request was filed in the Court of Appeals, not in circuit court, which is where you have to file a request for a trial *de novo*.
>
> "* * * * *
>
> "So if their theory is correct that there was no agreement for a binding arbitration, then they have to—they have to file a—an objection and a request for trial *de novo* within the 20 days that the—that the statute provides. They didn't do that. What they filed was a stay in the Court of Appeals.
>
> "And then later there was an amended notice of appeal that was filed [in December 2003.] And that's way beyond the 20 days that they're required in order to make the objection they're talking about.
>
> "The whole idea is if they claim, as they do in this case, that there was no binding arbitration, then the remedy is to file a trial—request for trial *de novo* within 20 days, it is not to file a notice of appeal with the Court of Appeals. That was never a part of any agreement.
>
> "The agreement we're all talking about says there will be an appeal from the judgment filed in circuit court. So they did not file a request for a trial *de novo* within 20 days, so they have not protected that argument in this case. They

do not protect their record. All they do was wait until after the judgment was going to be filed to make these objections."

Defendant went on to argue that, to "preserve" the claim that he was entitled to a trial *de novo*, plaintiff had to do "what [he] would have had to do if there had been no agreement regarding arbitration"—that is, file a request for trial *de novo* in the circuit court within 20 days after entry of the arbitration award. Defendant argued that the court was not bound by the conclusion of the trial court and this court in *Woods and Woods* that there had been a timely notice of appeal and request for trial *de novo*, because defendant was not a party in that case and thus was not precluded from relitigating the issue.[2]

After a recess, the court informed plaintiff that it had counted the pertinent days and had discovered that plaintiff filed his first notice of appeal 21 days after the arbitration award was filed, rather than within 20 days, as required by ORS 36.425(2). The court therefore concluded that plaintiff had not filed a timely notice of appeal and request for trial *de novo*:

> "[I]t does not appear to me that [plaintiff] ever perfected his right to a trial *de novo* in the circuit court. Even when the case came back from the Court of Appeals, * * * our court here didn't have authority to hear that, because there had not been a perfected and timely filed notice of appeal in the case for a trial *de novo* in circuit court at any point * * *."

The court then asked the parties what effect that finding would have on the issue of damages.

---

[2] A party may be barred from relitigating an issue that was decided in a previous action if, among other things, that party "was a party or was in privity with a party to the prior proceeding." *Johnson v. Babcock*, 238 Or App 513, 519, 243 P3d 120 (2010), *rev den*, 349 Or 602 (2011). Defendant was not a party to *Woods and Woods*, but was an attorney for one of those parties, plaintiff. This court has not addressed whether an attorney is "in privity" with a client whom he represents in litigation. *Cf. Rucker v. Schmidt*, 794 NW2d 114, 118-21, 121 n 7 (Minn 2011) (analyzing that question and citing various opinions that discuss whether attorneys are in privity with their clients for purposes of issue and claim preclusion). We need not resolve that question in this case, as plaintiff does not contend that defendant was in privity with Woods. Accordingly, we assume, only for purposes of this opinion, that defendant was not precluded from challenging the timeliness of plaintiff's trial *de novo* request in this malpractice action, notwithstanding our opinion in *Woods and Woods*.

Defendant argued that, when the 20-day period for filing a notice of appeal and request for trial *de novo* elapsed, the arbitration award became a final, nonappealable judgment by operation of law. He argued that, because plaintiff had lost the right to appeal, he could not claim as damages the cost of the appeal or the losses that he claimed resulted from defendant's failure to advise him to obtain a stay of the judgment and to file a notice of pendency of action. Because no appeal should have occurred, defendant contended, plaintiff could not properly have sought a stay or given notice of any pending action.

Plaintiff responded that, whether he had a right to appeal or not, he did in fact appeal. Consequently, plaintiff argued, he could have filed a supersedeas bond, staying the judgment and allowing him to continue living rent free at the Bolland Road property, and he could have filed a notice of pendency of action, preventing Woods from selling the property without paying the debt secured by the promissory note.

The trial court concluded that the dissolution case was "over as a matter of law" when the 20-day period elapsed without a request for trial *de novo* having been filed. It also concluded that, for plaintiff to take his claims against defendant to a jury, he would have to show evidence that he suffered harm before the 20-day period ended. Because plaintiff's claims all alleged harms that occurred after that point, the court ruled that the claims could not go to a jury.

At that point, plaintiff moved to amend the complaint to allege that defendant had advised him that he had until August 18, 2003 (the twenty-first day after the arbitration award was filed), to file an appeal. The court denied the motion and entered judgment in defendant's favor. Plaintiff appeals.

Plaintiff raises three assignments of error in this court. First, he contends that the trial court erred in ruling that he did not timely request a trial *de novo*. Second, plaintiff argues that, even if the request was not timely, the court erred in ruling that his damages were limited to those that occurred before the 20-day period for requesting a trial *de novo* ended. In plaintiff's view, regardless of whether the

arbitration award was appealable, he did appeal, and this court accepted jurisdiction in *Woods and Woods*. As a result, plaintiff contends, he incurred legal expenses in prosecuting the appeal and, while the appeal was pending, he could have continued to live on the Bolland Road property and could have prevented Woods from selling it. Finally, plaintiff argues that the court abused its discretion in denying his motion to amend the complaint.

Defendant responds that plaintiff did not file a timely notice of appeal and request for trial *de novo*. In light of plaintiff's failure to do so, he contends, the trial court in *Woods and Woods* was required to enter a nonappealable judgment based on the arbitration award. Defendant takes the position that the causal relationship, if any, between his alleged negligence and plaintiff's damages must be determined according to "what should have happened," not what actually happened. He asserts that, after the deadline to file a notice of appeal passed, a nonappealable judgment should have been entered, the case should have been over, and the appeal in *Woods and Woods* should not have gone forward. Had that happened, he argues, plaintiff would not have incurred appellate legal expenses; he would not have had a basis to seek a stay of the judgment, allowing him to remain on the Bolland Road property rent free; and there would have been no appeal on which to base a notice of pending action preventing Woods from selling the Bolland Road property.

At the outset, it is important to note that the issues on appeal are limited to the causation element of plaintiff's malpractice claims. Accordingly, the parties have not addressed, and we do not consider, whether plaintiff would be able to prove that defendant engaged in the alleged conduct, that defendant's conduct was negligent, or that plaintiff suffered the alleged harms. Thus, our opinion should not be taken to express any view on the merits of plaintiff's allegations beyond those expressly at issue in this appeal.

Our review of the issues on appeal begins and ends with plaintiff's second assignment of error. We agree with plaintiff that, even assuming that the request for trial *de novo* was defective, the trial court erred in concluding as a

matter of law that plaintiff could not prove that defendant's negligence caused any of his claimed harms.[3]

As we previously have observed, an action for legal malpractice "is not materially different from an ordinary negligence action." *Watson v. Meltzer*, 247 Or App 558, 565, 270 P3d 289 (2011). "It is simply a variety of negligence in which a special relationship gives rise to a particular duty that goes beyond the ordinary duty to avoid a foreseeable risk of harm * * *." *Id.* Accordingly, a plaintiff can prevail only if he or she proves "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation*, *i.e.*, a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 316 Or 221, 227, 851 P2d 556 (1993) (emphasis in original). To establish causation, the plaintiff must show that, but for the defendant's negligence, the plaintiff would not have suffered the claimed harm. *Watson*, 247 Or App at 565. In a legal-malpractice action, the plaintiff does so by showing that he or she would have obtained a more favorable result had the defendant not been negligent. *Id.* at 565-66. "The jury in the malpractice case is called upon, in effect, to decide what the outcome for plaintiff would have been in the earlier case if it had been properly tried, a process that has been described as a 'suit within a suit.' " *Chocktoot v. Smith*, 280 Or 567, 570, 571 P2d 1255 (1977). *See also Drollinger v. Mallon*, 350 Or 652, 668, 260 P3d 482 (2011) (referring to the process as "the 'case within a case' methodology"). If the jury

---

[3] Although our conclusion with respect to the second assignment of error obviates the need to address the first assignment, we note that, as defendant candidly acknowledges, the twentieth day after the arbitration award was filed—August 17, 2003—was a Sunday. Defendant contends that that day is properly counted in determining the last day on which plaintiff could file a notice of appeal under ORS 36.425(2)(a). He is wrong. *See* ORS 174.120 (the last day of a period of time prescribed by law for the performance of an act is not included if it falls on a legal holiday or Saturday); ORS 187.010(1)(a) (each Sunday is a legal holiday). We do not dispose of the appeal on that ground, however, because other issues concerning the sufficiency of plaintiff's request for trial *de novo* remain unresolved. For example, defendant argued to the trial court that the notice of appeal was ineffective because it was filed in this court; in the circuit court, plaintiff only filed a copy of that notice. Thus, if we remanded based on the first assignment of error, the trial court might still conclude that the request for trial *de novo* was defective. Our agreement with plaintiff's larger point, expressed in the second assignment of error—that the trial court erred even if the request was defective—renders any issues about the sufficiency of the request immaterial.

determines that the defendant was negligent but concludes that the outcome of the underlying case would have been the same in all events, the defendant's negligence is deemed not to have caused the plaintiff's harm.

In this malpractice case, the trial court's ruling deprived plaintiff of the opportunity to prove that defendant's alleged negligence harmed plaintiff in the dissolution matter. In his "case within a case," plaintiff could have sought to prove, for example, that, had defendant not stipulated to the legally ineffective "binding, yet appealable" arbitration agreement, plaintiff would not have had to incur $20,000 in legal expenses to prosecute the *Woods and Woods* appeal, in which we remanded for the trial *de novo* that plaintiff desired. Defendant's alleged negligence is what caused the trial court in the dissolution matter to rule that plaintiff had stipulated away his right to a trial *de novo*; the *Woods and Woods* appeal was necessary to reverse that incorrect trial court ruling.

Plaintiff should have had the opportunity to prove that kind of "case within a case" even if his trial *de novo* request was untimely or otherwise ineffective. Defendant has not identified any deficiency in the notice of appeal that brought *Woods and Woods* to *this* court—and it is that appeal (not the trial *de novo*) with which plaintiff's claimed damages are associated. Consequently, even if defendant is correct that plaintiff did not effectively request a trial *de novo* within 20 days of the arbitration award, we disagree with the trial court's conclusion that, as a matter of law, plaintiff therefore cannot recover damages associated with the *Woods and Woods* appeal. Nor are we persuaded by defendant's contention that, because plaintiff's trial *de novo* request was ineffective, the trial court in the dissolution matter should have entered a nonappealable judgment on the arbitration award, putting an end to the matter. It was defendant's alleged negligence that created confusion regarding the method by which plaintiff properly could seek to remedy his dissatisfaction with the arbitration award: through a trial *de novo* or—according to the agreement that defendant himself allegedly approved—through appeal to this court. Defendant cannot avoid liability for his own negligence simply by asserting that

the appeal that he allegedly prompted never should have happened.

In short, even if plaintiff's request for trial *de novo* were defective, that shortcoming would not eliminate, as a matter of law, plaintiff's ability to prove that defendant's negligence caused his harms. The trial court erred in concluding otherwise.

Reversed and remanded.