Argued and submitted December 19, 2014, vacated and remanded
August 3, petition for review allowed November 17, 2016 (360 Or 604)
See later issue Oregon Reports

SHRINERS HOSPITALS FOR CHILDREN,
a Colorado nonprofit corporation; and
Oregon Scottish Rite Clinics,
an Oregon nonprofit corporation,
*Plaintiffs-Respondents,*

*v.*

Mack A. WOODS,
*Defendant-Appellant,*

*and*

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP;
and Tyler Smith & Associates, P.C.,
*Respondents.*

Clackamas County Circuit Court
CV07110578; A155952

380 P3d 999

Susie L. Norby, Judge. (Judgments)

Roderick A. Boutin, Judge pro tempore. (Order)

George W. Kelly argued the cause and filed the briefs for appellant.

Richard L. Grant argued the cause for respondents Shriners Hospitals for Children and Oregon Scottish Rite Clinics. With him on the brief was Richard L. Grant, P.C.

Michael J. Morris argued the cause for respondent Bennett, Hartman, Morris & Kaplan, LLP. With him on the brief was Bennett, Hartman, Morris & Kaplan, LLP.

Tyler D. Smith argued the cause for respondent Tyler D. Smith & Associates, P.C. With him on the brief was Tyler Smith & Associates, P.C.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## DEVORE, J.

In this garnishment proceeding, defendant Woods appeals an order that disbursed to others a money award that he was to receive from a legal malpractice action. Plaintiffs, Shriners Hospitals for Children and Oregon Scottish Rite Clinics (together, Shriners), sought to garnish the malpractice award to collect on a default judgment against Woods. Woods's first assignment of error asserts that the trial court erred when it denied his ORCP 71 B(1)(d) motion to set aside Shriners' default judgment from an earlier proceeding. He contends that failure of service of summons and complaint precluded personal jurisdiction over him and means that the default judgment against him was void *ab initio*. He argues that, for that reason, the trial court could not properly declare the service of summons to be immaterial, nor his motion to be untimely. We conclude that the trial court erred in ruling that Woods's motion to set aside the default judgment was untimely and that the motion could be decided based on his knowledge of Shriners' claim. We vacate and remand for the court to determine whether Woods was duly served.

Additionally, two of Woods's former attorneys or law firms filed liens on the money award for their work on the malpractice case. The attorney liens were presented as objections to Shriners' garnishment. The objecting attorneys had not separately initiated, nor pleaded, lien foreclosure proceedings against Woods. Rather, in the garnishment proceeding, Woods's former attorneys sought payment, and Woods tried to reduce the amount of their liens by alleging that he was entitled to "recoup" some of their fees due to their alleged errors while representing him. Woods assigns error to the trial court's rejection of his recoupment claim against the attorneys' liens. Bennett, Hartman, Morris & Kaplan (Morris) cross-assigns error as to the court's reduction of his lien. Because the lien issues are ancillary and dependent upon the trial court's personal jurisdiction determination, we do not consider what may be hypothetical or nonjusticiable issues, and, accordingly, we do not reach the assignment and cross-assignmnent of errors involving the lien issues. *See Utility Reform Project v. PUC*, 215 Or App 360, 376, 170

P3d 1074 (2007) (after remand, issues may arise differently or not at all); *see also Couey v. Atkins*, 357 Or 460, 470, 355 P3d 866 (2015) (to be justiciable, a controversy must involve a present, not hypothetical issue).

## FACTS

In November 2007, Shriners brought an action against Woods to collect on an unpaid note. Shriners filed an affidavit of service of summons and complaint that recited that Woods was personally served on November 28, 2007, at 7:30 p.m. at his residence in Canby. Woods did not appear and defend the case. An order of default and a general judgment were entered on January 3, 2008. According to Shriners' attorney, he received a voice message that same afternoon from Woods's dissolution attorney. The promissory note Shriners held originated from debt that was implicated in a pending dissolution proceeding. On January 25, Shriners agreed to postpone enforcement of the default judgment until the conclusion of Woods's dissolution case, which was expected to occur later that month. The judgment in the dissolution proceeding was entered in July 2008.[1]

In 2013, Woods received a jury award of $180,840 in a malpractice action against his original attorney in his dissolution proceeding. On that attorney's behalf, the Professional Liability Fund of the Oregon State Bar (PLF) tendered the money to the court for disbursement. That sum, $187,075.26 with costs and interest, became the object of Shriners' garnishment and the competing attorney liens.

In April 2013, Shriners filed a writ of garnishment upon the PLF funds, seeking to collect on its default judgment on the promissory note. *See* ORS 18.635 (allowing writ enforcing judgment lien). Woods challenged Shriners' garnishment by moving to set aside the underlying default judgment pursuant to ORCP 71 B(1)(d). Woods argued that the judgment should be set aside because he was not served with the summons and complaint in the action on the note. Woods attested that he was not in Canby on November 28,

---

[1] This appeal is related to two prior appeals, *Woods and Woods*, 207 Or App 452, 142 P3d 1072 (2006), which concerned the dissolution proceeding, and *Woods v. Hill*, 248 Or App 514, 273 P3d 354 (2012), which concerned Woods's malpractice case against his dissolution attorney.

2007, the day on which Shriners' process-server claimed to have served Woods at his residence. The motion was supported by declarations from five witnesses reporting that, on that day, Woods was with them near Prairie City in eastern Oregon attending a wedding anniversary celebration. Because service of summons and complaint was the premise for personal jurisdiction, Woods asserted that the default judgment was void and should be set aside. *See* ORCP 71 B(1)(d) (providing means to set aside a void judgment). A void judgment, he asserted, could not provide a basis for Shriners' garnishment action.[2]

In June 2013, in what had been intended to be an evidentiary hearing, Woods brought several witnesses who were prepared to testify that he was away in eastern Oregon at the time he was purportedly served in Canby. The trial court entertained the parties' legal arguments, while reserving until a later date the prospect of an evidentiary hearing, if necessary. Relying on his own declaration and those of his witnesses, Woods argued his motion to set aside the default judgment. Shriners argued that events demonstrated that Woods had known of the proceeding.

The court issued a letter opinion in October 2013, without having conducted an evidentiary hearing. The court determined:

> "Defendant Woods' ORCP 71 B motions do not depend on whether he was personally served with the Summons and Complaint on November 28, 2007. He was personally aware of this case in January, 2008. It was an issue in both his divorce case and his malpractice case. Woods' motion now is not reasonably timely."

The court ruled that the attorneys' liens had priority and were valid but that an evidentiary hearing was needed to determine the amount of the liens. The court entered an order denying Woods's motion to set aside the default judgment and determining that the malpractice proceeds would be disbursed after the lien sums were determined.

---

[2] Woods argued, in the alternative, that the court should relieve him of the default judgment on the ground that it was no longer equitable that the judgment should have prospective application because the dissolution judgment required wife to pay half the promissory note. That issue is not presented on appeal.

## DISCUSSION

Woods's ORCP 71 B(1)(d) motion to set aside the judgment is based on an argument that the judgment was void for lack of personal jurisdiction. We review that determination for legal error, accepting the court's factual findings if the evidence supports them. *Estate of Selmar A. Hutchins v. Fargo*, 188 Or App 462, 466, 72 P3d 638 (2003) (*Hutchins*).

In this case, the trial court did not make any findings on the critical factual dispute—whether Woods was served with summons and complaint in Shriners' action on the promissory note. Instead, the court concluded, as its first point, that it sufficed that Woods had knowledge of Shriners' action in January 2008. The court also concluded that the motion was not made within a reasonable time. On the latter point, ORCP 71 B(1) generally provides that a motion "shall be made within a reasonable time."[3] There was no dispute that Woods's motion was made five years after the default judgment. Nevertheless, in this case, reliance on either point was mistaken as a matter of law.

In *Hutchins*, we explained that "there is no timeliness requirement for moving to set aside a void judgment." 188 Or App at 468. In that case, a party in interest had moved to set aside a judgment that foreclosed on a property he owned through an unrecorded deed. The motion was filed nearly seven years after the judgment of foreclosure was entered. *Id.* at 465. The party argued that his predecessor was not properly served with the complaint because the service by publication was inadequate. He asserted that his predecessor had no knowledge of the foreclosure. The trial court dismissed the motion, but we reversed.

We recognized that the language of ORCP 71 B(1) might seem to require the defendant to file the motion within a reasonable time after learning of the judgment and, for that reason, might seem to provide the trial court discretion in ruling on the motion. Yet, we have held that neither of

---

[3] More specifically, a motion made on grounds identified in ORCP 71 B(1)(a) (*e.g.*, excusable neglect), (b) (new evidence), or (c) (fraud), which are not applicable here, must be made within one year after receipt by the moving party of notice of judgment. A void judgment is identified as grounds to set aside judgment at ORCP 71 B(1)(d).

those requirements can apply to a motion to set aside a void judgment. We explained:

> "Because a void judgment * * * is a nullity *ab initio,* all that a trial court does when it sets it aside is to give effect to its prior determination of its nullity. It does not exercise any discretion, and there cannot be any time limitations on its action."

*Id.* at 469. We concluded that "the reasonable time to move to set aside a void judgment is forever, and it is an abuse of discretion for a trial court to fail to do so." *Id.* at 470. That precedent controls here. If the Shriners' judgment is void, as Woods contends, then his motion cannot be rejected as untimely.

Nearer to the merits, the trial court concluded that it sufficed that Woods had actual knowledge of the Shriners' claim on the note. Oregon law tells why that is not necessarily so. In *Baker v. Foy,* 310 Or 221, 224, 797 P2d 349 (1990), the court noted that, "[u]nder ORCP 4, an Oregon court does not have jurisdiction over a defendant unless there is service of summons pursuant to ORCP 7." Often, when a particular means of service fails, a controversy over service devolves into a debate over the catch-all provision of ORCP 7 D(1), involving a "reasonable notice" standard. In this case, however, Shriners does not rely on the catch-all provision of ORCP 7 D(1). Even under that provision, "actual notice by itself does not necessarily constitute adequate notice and adequate notice does not require actual notice." *Baker,* 310 Or at 227. More specifically, "actual notice of the pendency of an action is insufficient to excuse noncompliance with ORCP 7." *Alloway and Duncan,* 165 Or App 624, 629, 996 P2d 1010 (2000) (citing *Murphy v. Price,* 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den,* 321 Or 137 (1995)). In this case, only personal service, under ORCP 7 D(2)(a), is at issue.[4]

Without reaching the merits of that issue, Shriners argues that we should affirm the trial court on grounds that Woods is either judicially or equitably estopped from

---

[4] Shriners argues that, under ORCP 7 G, the court should disregard any error that does not affect the substantial rights of a party, but we have long held that proper service of summons is a substantial right of a party. *See, e.g., Murphy,* 131 Or App at 699 (rejecting argument that due to actual notice no substantial right was affected).

challenging the judgment. That is, according to Shriners, Woods should be estopped because Woods relied on Shriners' judgment as proof of damages in his malpractice case. We, however, have already determined that estoppel does not operate to prevent a challenge to a void judgment. As in this case, we observed in *Burt & Gordon v. Stein*, 128 Or App 350, 355, 876 P2d 338, *rev den*, 320 Or 270 (1994):

> "Plaintiff advances a strong argument that the facts, when viewed most favorably to plaintiff, support the position either that defendant waived his right or is estopped to challenge the judgment * * *. [H]owever, in view of our holding that the circuit court judgment is void, * * * they are not grounds on which one may be barred from collaterally attacking a void judgment."

Likewise, we observed in *Hutchins* that the definition of a void judgment is one that is "absolutely null, without legal efficacy * * * and [is] incapable of confirmation, *ratification* or enforcement in any manner or to any degree." 188 Or App at 469 (internal quotation marks omitted) (emphasis added). In other words, estoppel cannot lend validity to a judgment that has never existed.

Finally, Shriners argues that the affidavit from its process server is presumptively valid. *See Baker*, 310 Or at 228-31 (If service is made in a method described in ORCP 7 D(2), then service is presumed valid "[i]f there is nothing in the record that overcomes the presumption."). Shriners suggests that the affidavit "is sufficient evidence to uphold the court's finding of service upon [Woods]." Shriners' affidavit, however, is contradicted by six declarations. We do not review *de novo*, and we cannot make a factual determination on appeal.

Thus, the initial question remains a predicate to personal jurisdiction, to consideration of Shriners' claim, and to any lien demands or defenses. Was Woods personally served on November 28, 2007, at his home, as Shriners claims, or not? That is a factual issue that could not be avoided as a matter of law, nor resolved with Shriners' affidavit. Because that factual finding is necessary and unavoidable, we vacate and remand.

Vacated and remanded.